UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, acting through the United States Department of Agriculture<br><br>Plaintiff<br><br>v.<br><br>CARMEN ORTIZ ORTIZ a/k/a CARMEN MARIA ORTIZ ORTIZ a/k/a CARMEN ORTIZ, as joint debtor and as known member of the Estate of FELIX RODRIGUEZ SERRANO; FELIX RICARDO RODRIGUEZ ORTIZ, ISAAC RODRIGUEZ ORTIZ, FRANCISCO RODRIGUEZ ORTIZ, SILVESTRE WALDEMAR RODRIGUEZ ORTIZ and CASILDA RODRIGUEZ ORTIZ, as known members of the Estate above-mentioned; JOHN DOE and RICHARD ROE as unknown members of the Estate above-mentioned<br><br>Defendants | CIVIL NO.<br><br><br>Foreclosure of Mortgage |

**COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW the United States of America -acting by the United States Department of Agriculture- through the undersigned attorney, who respectfully alleges and prays as follows:

1.   Jurisdiction of this action is conferred on this Court by 28 U.S.C. Section 1345.

2.  Plaintiff, United States of America, is acting through the United States Department of Agriculture, which is organized and existing under the provisions of the Consolidated Farm and Farm Service Agency Act, 7 U.S.C. §1921 et seq. Plaintiff is the owner and holder of one (1) promissory note that affects the property described further below.

3.  Said promissory note is for the amount of **$66,000.00**, with annual interest of 3%, subscribed on December 11, 1979. *See Exhibit 1.*

4.  For the purpose of securing the payment of said promissory note, a voluntary mortgage was executed on the same date, in favor of the plaintiff, under the terms and conditions stipulated and agreed therein, through Deed No. 487. *See Exhibit 2.*

5.  On September 17, 1985, the note for $66,000.00 was modified to the amount of $58,878.52, under the terms and conditions stipulated and agreed therein, through Deed No. 205. *See Exhibit 3.*

6.  According to the Property Registry, codefendants are the owners of record of the real estate property subject of this case. Said property is described -as it was recorded in Spanish- as follows:

> RURAL: Finca radicada en el barrio Pellejas del término municipal de Adjuntas, compuesta de setenta cuerdas equivalentes a veintisiete hectáreas, cincuenta y una áreas, veintiocho centiáreas de terreno, en lindes por el NORTE, con Carlos Pagán, separado en parte por una quebrada y un camino; el río de los Muertos que separa de Pedro Vega; Juan Rivera y Eloy Cardona; SUR, Domingo Cardona; ESTE, Julio Cedeño y Juan Cedeño separados por un camino; OESTE, con Jorge Lucas Valdivieso, Eloy Cardona y Elías Méndez separados por el Río Los Muertos. Contiene casa de vivienda.
>
> Property 2,996, recorded at page 182 of volume 66 of Adjuntas, Property Registry of Utuado, Puerto Rico.
>
> *See Title Search attached as Exhibit 4.*

7.   The title search attached to this complaint confirms the registration of the mortgage liens that secure the loan obligations between the plaintiff and the defendants.  *See Exhibit 4.*

8.   FELIX RODRIGUEZ SERRANO passed away on April 9, 1986.  *Exhibit 5.*

9.   The known members of the Estate of FELIX RODRIGUEZ SERRANO are the following individuals:

> (a)   CARMEN ORTIZ ORTIZ a/k/a CARMEN MARIA ORTIZ ORTIZ a/k/a CARMEN ORTIZ (widow and joint debtor);
>
> (b)   FELIX RICARDO RODRIGUEZ ORTIZ;
>
> (c)   ISAAC RODRIGUEZ ORTIZ;
>
> (d)   FRANCISCO RODRIGUEZ ORTIZ;
>
> (e)   SILVESTRE WALDEMAR RODRIGUEZ ORTIZ, and;

3

      (f)   CASILDA RODRIGUEZ ORTIZ.   *See Exhibit 4.*

10. JOHN DOE and RICHARD ROE are included as possible unknown heirs to the Estate mentioned before.

11. Codefendants are jointly and severally responsible for all amounts owed to plaintiff, arising from the loan obligations subscribed.

12. According to *P.R. Laws Ann.,* Article 959, (Sec. 2787), defendants have 30 days to either accept or reject their participation in the Estate(s) to which they lawfully belong. If no answer is received within said period, their participation shall be deemed as accepted.

13. It was expressly stipulated in the notes evidencing the indebtedness that default in the payment of any part of the covenant or agreement therein contained will authorize the plaintiff, as payee of said notes, to declare due and payable the total amount of the indebtedness evidenced by said notes and proceed with the execution and/or foreclosure of the mortgages.

14. The defendant party herein, jointly and severally, has failed to comply with the terms of the mortgage contracts by failing to pay the installments due on all notes until the present day, and that after declaring all the indebtedness due and payable, the defendant party owes to the plaintiff, according to the Certification of Indebtedness included herein as

*Exhibit 6*, the following amounts:

   a) On the $66,000.00 Note, as modified:

   1) The sum of $53,705.32, of principal;

   2) The sum of $70,617.92, of interest accrued as of October 15, 2020, and thereafter until its full and total payment, which interest amount increases at the daily rate of $7.1730;

   3) Plus, insurance premium, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.

15. The indebtedness evidenced by the aforementioned notes is secured by the mortgages over the properties described in this complaint.

16. Codefendant CARMEN ORTIZ ORTIZ is not currently active in the military service for the United States. Plaintiff is unable to provide a "Status Report pursuant to Servicemembers Civil Relief Act" for the remainig codefendants since we do not know their social security numbers. *See Exhibit* 7.

17. The real estate property mentioned before is subject to the following liens in the rank indicated:

(A)  Property 2,996:

   1) Recorded liens with preference or priority over mortgage

herein included:

   a) MORTGAGE: Constituted by Heriberto Colón and his wife Rosa González, in favor of The Federal Land Bank of Baltimore, in the original principal amount of $4,000.00, with 6% annual interests, due on February 1, 1986, constituted by deed #161, executed in Utuado, Puerto Rico, on July 7, 1966, before Luis Pérez Matos Notary Public, recorded at overleaf of page 233 of volume 175 of Adjuntas, property number 2,996, 27th inscription.

   b) MORTGAGE: Constituted by Heriberto Colón and his wife Rosa González, in favor of Bearer, in the original principal amount of $785.00, with 6% annual interests, due on presentation, constituted by deed #162, executed in Utuado, Puerto Rico, on July 7, 1966, before Luis Pérez Matos Notary Public, recorded at overleaf of page 234 of volume 175 of Adjuntas, property number 2,996, 28th inscription.

2) Junior Liens with inferior rank or priority over mortgage herein included:

   a) MORTGAGE: Constituted by Félix Rodríguez Serrano and his wife Carmen Ortiz Ortiz, in favor of United States of America acting as Farmer Home Administration, in the original principal amount of $2,362.18, with 6% annual interests, due on 7 years, constituted by deed #204, executed in Adjuntas, Puerto Rico, on September 17, 1985, before José M. Saliceti Notary Public, recorded at overleaf of page 117 of volume 222 of Adjuntas, property number 2,996, 36th inscription.

**VERIFICATION**

I, JACQUELINE LAZU LABOY, of legal age, married, executive and resident of Humacao, Puerto Rico, in my capacity as acting LRTF Director of the Farm Service Agency, San Juan, Puerto Rico, under the penalty of perjury, as permitted by Section 1746 of Title

28, United States Code, declare and certify:

1) My name and personal circumstances are stated above;

2) I subscribed this complaint as the legal and authorized representative of the plaintiff;

3) Plaintiff has a legitimate cause of action against the defendants above named which warrants the granting of relief requested in said complaint;

4) Defendants are a necessary and legitimate party to this action in view of the fact that they originated or assumed the mortgage obligation subject of this foreclosure, or bought the property subject to said mortgage;

5) From the information available to me and based upon the documents in the Farm Service Agency, it appears that defendants have not been declared incompetent by a court of justice with authority to make such a declaration;

6) I have carefully read the allegations contained in this complaint and they are true and correct to the best of my knowledge and to the documents contained in the files of the Farm Service Agency;

7) I have carefully examined the Exhibits included to this complaint which are true and correct copies of the originals. The mortgage deeds have been duly recorded in the Property Registry.

I make the foregoing declaration under penalty of perjury, as permitted under Section 1746 of Title 28, United States Code.

In San Juan, Puerto Rico, this (nineteenth) 19 day of October 2020.

JACQUELINE LAZU LABOY

PRAYER

WHEREFORE, the plaintiff demands judgment as follows:

a)   That defendant's party pays unto the plaintiff the amounts claimed on this complaint;

b)   Or in default thereof that all legal right, title and interest which the defendants may have in the property described in this complaint and any building or improvement thereon be sold at public auction and that the monies due to the United States as alleged in the preceding paragraphs be paid out of the proceeds of said sale;

c)   That the defendants and all persons claiming or who may claim by, from or under them be absolutely barred and foreclosed from all rights and equity of redemption in and to said property;

d)   That if the proceeds of such sale be insufficient to cover the amounts specified under paragraph 16 of this prayer, said defendant be adjudged to pay to the United States the total amount of money remaining unsatisfied to said paragraph (a) of this prayer, and execution be issued forthwith against said defendants for the payment of said deficiencies against any of the properties of said defendants;

e)   That if the proceeds of said sale exceed the sum of

money to be paid to the United States as aforesaid, any such excess

be deposited with the Clerk of this Court subject to further orders

from the Court;

     f)    That once the property is auctioned and sold, the Clerk

of this Court issue a writ addressed to the Registry of the

Property ordering the cancellation of the foreclosed mortgage and

of any other junior liens recorded therein;

     g)    For such further relief as in accordance with law and

equity may be proper.


     In Guaynabo, Puerto Rico, this 20 day of October    , 2020.



/s/ Juan Carlos Fortuño Fas
JUAN CARLOS FORTUÑO FAS
USDCPR 211913

FORTUÑO & FORTUÑO FAS, C.S.P.
P.O. BOX 9300
SAN JUAN, PR 00908
TEL. 787-751-5290
FAX. 787-751-6155
Email: dcfilings@fortuno-law.com

FmHA Form 1940-17(S)  (Rev. 11-1-78)

Administrative Offic.
United States Court·
CERTIFIED TRANSLATION
I certify that the foregoing is a true and faithful translation of its original.

*Patricia Beckerleg*

PATRICIA BECKERLEG
Certified Court Interpreter / Translator
787-792-5224 / 787-399-7788

## DEPARTMENT OF AGRICULTURE OF THE UNITED STATES
## FARMERS HOME ADMINISTRATION

**PROMISSORY NOTE**

CERTIFIED TRANSLATION
I certify that the foregoing is a true and faithful translation of its original.

*PBcL*

PATRICIA BECKERLEG
Certified Court Interpreter / Translator
787-792-5224 / 787-399-7788

**TYPE OF LOAN**
Type: FARM OWNERSHIP
In accordance to:
[ X ] Consolidated Farm & Rural Development Act
[ ] Emergency Agricultural Credit Adjustment Act of 1978

| Name<br>FELIX RODRIGUEZ SERRANO | **ACTION REQUIRING PROMISSORY NOTE** |
|---|---|

ACTION REQUIRING PROMISSORY NOTE
[ X ] Initial Loan          [ ] New Payment Plan
[ ] Subsequent Loan     [ ] Reamortization
[ ] Consolidation and   [ ] Credit Sale
      subsequent loan
[ ] Consolidation        [ X ] Deferred Payments

| State<br>PUERTO RICO | Office<br>ADJUNTAS |
|---|---|

| Case Number<br>63-35-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 | Date<br>DEC. 11, 1979 |
|---|---|

FOR VALUE RECEIVED, the subscribing Borrower and any other co-debtor, severally and jointly, we shall pay to the order of the United States of America, acting through the Farmers Home Administration of the Department of Agriculture of the United States (henceforth referred to as the "Government") or its cessionnaire at its office in ADJUNTAS, PUERTO RICO------ or at any other place designated by the Government in writing, the principal sum of SIXTY-SIX THOUSAND----- dollars ($66,000.00) plus interest on the principal owed at THREE ___ PERCENT (3 ) % annually. If this promissory note is for a Limited Resources loan (indicated in the superior clause "Type of Loan"), the Government may CHANGE THE PERCENTAGE OF INTEREST, in accordance to the regulation of the Farmers Home Administration, not more frequently than every trimester, notifying the Borrower in writing with thirty (30) days of advance notice at his last address. The new interest rate must not exceed the highest interest rate established in the regulations in the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in __41__ Installments, as indicated below, except if modified by a different interest rate, on or before the following dates:

| | | | |
|---|---|---|---|
| $ __50.00__ | on January 1, 1980 | $_____ | on January 1, 19 ; |
| $ __100.00__ | , on January 1, 1981; | $_____ | on January 1, 19 ; |
| $ __200.00__ | on January 1, 1982 ; | $_____ | on January 1, 19 ; |
| $_____ | on January 1, 19 ; | $_____ | on January 1, 19 ; |
| $_____ | on January 1, 19 ; | $_____ | on January 1, 19 ; |

and $ 3,079.00 __, subsequently on January 1 of each year until the principal and interest have been completely paid off except that the final installment of the debt evidenced herein, is not previously paid, shall be due and payable within 40 years of the date of this promissory note and except that payments could be made in advance as stated further on. The consideration involved herein shall back any agreement modifying the payment plan.

If the total amount of the loan is not advance as of the date of the closing, the loan may be advanced to the Borrower as requested by the Borrower and approved by the Government. The approval of the Government shall be given as long as the advance is requested for a purpose authorized by the Government. Interest shall be accrued for the amount of each advance payment from its present date as is shown in the Registry of Advance Payments at the end of this promissory note. The Borrower authorizes the Government to write down the amounts and dates of such advance payments in the Registry of Advance Payments.

In each reamortized or consolidated promissory note, or with the new payment plan, the interest accrued as of the date of this instrument must be added to the principal and that new principal shall accrue interest at the rate of the percentage evidenced by this instrument.

Any payment made in any debt represented by this promissory note shall first be applied to interest calculated as of the effective date of the payment and afterwards to the principal.

Jay-Ce-Agriculture                    Position 2                    (Rev. 11-1-78)

Payments made in advance of the stipulated installments or of any part of the same, may be made at any time at the option of the Borrower.  Reimbursements and extra payments, as defined in the regulations (7 C.F.R. 1861.2) of the Farmers Home Administration, in accordance to the source of the funds involved, after paying the interest, shall be applied to the last installments to be due under this promissory note and will not affect the obligation of the Borrower to pay the remaining installments as is specified in the same.  If the Government at any time were to cede this promissory note and ensure the payment of the same, the Borrower shall continue making the payments to the Government as the collecting agent for the holder.

While this promissory note is in the power of an insured Borrower, the advance payments made by the Borrower may, at the option of the Government, be forwarded by the Government promptly to the holder, or, with the exception of the final payment, they may be withheld by the Government and forwarded to the holder on the basis of the annual installment due.  The effective date of any payment made by the Borrower, except payments which have been withheld and forwarded by the Government to the holder on the basis of the annual installment due shall be the date of the check from the Treasury of the United States by means of which the Government forwards the payment to the holder.  The effective date of any advance payment withheld and forwarded by the Government to the  holder on the basis of annual installment due, shall be the date of the payment advanced by the Government and the Government shall pay the interest at which the holder is entitled to be accrued between the effective date of any of said advance payments and the date of the check of the Treasury forwarded to the holder.

Any amount advanced or invested by the Government for the collection of this promissory note or to preserve or protect the guaranty of the loan or in another manner invested under the terms of any guaranty agreement or other instrument executed with regard to the loan evidenced herein, at the option of the Government, may go on to become part of the loan and shall accrue interest at the same rate of interest as that of the principal of the debt evidenced herein and shall be due and payable immediately by the Borrower to the Government without the need for requirement.

The property built, improved, purchased or refinanced in total or in part with the loan evidenced herein shall not be leased, ceded, sold, transferred or encumbered voluntarily or in another form, without the prior consent in writing on the part of the Government.  Unless the Government consents to the contrary in writing, the Borrower shall personally operate said property as a farm if this loan is to a farm owner (FO).

If a "Consolidation and a Subsequent Loan", "Consolidation", "Reamortization", or a "New Payment Plan" is indicated in the top clause of the first page, "Action Requiring Promissory Note", this promissory note is executed to consolidate, reamortize or evidence an new payment plan but not in satisfaction of the principal and interest of the following promissory notes or subrogation agreement(s) (new terms).

| VALUE OF THE PROMISSORY NOTE | INTEREST | DATE | ORIGINAL BORROWER | LAST INSTALLMENT DUE |
|---|---|---|---|---|
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |

The guaranty documents taken with regard to the loans evidenced by these promissory notes described or other related obligations are not affected by the granting of this consolidation, reamortization or new payment. Plan.  These guaranty instruments shall continue in effect and the guaranty offered for the loans evidenced by the promissory notes described shall remain as guaranty for the loan evidenced by this promissory note and by any other related obligation.

REFINANCING AGREEMENT: If at any moment the Government were to determine that the Borrower may obtain a loan from a responsible credit union or another private source of credit at a reasonable rate of interest and terms for loans for similar time and conditions, the Borrower, at the request of the Government, shall request and accept the loan in a sufficient amount to satisfy this promissory note in its entirety and pay the necessary shares if the lender is a cooperative.

BREACH:  The lack of payment upon its due date regarding any debt evidenced herein or the breach of any condition or agreement under this document shall constitute breach  under any other instrument evidencing a debt of the Borrower insured or guaranteed by the Government or in any other form related to said debt; the breach under any other said instrument shall constitute breach  under the terms of this document.  ANY BREACH THAT IS  COMMITTED,  the Government, at its option, may declare all or part of said debt due and immediately payable.

This Promissory Note is executed as evidence of a loan granted to the Borrower or insured by the Government in accordance to the Consolidated Farm and Rural Development Act or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the box "TYPE OF LOAN" further up. This Promissory Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the stipulations consigned herein.

Presentation, protest and notice are by means of the present document expressly waived.

(signed) _____
FELIX RODRIGUEZ SERRANO          (Borrower)

(signed) _____
CARMEN ORTIZ ORTIZ               (Borrower)

YAHUECAS WARD, BOX 521

ADJUNTAS, P.R. 00601

_____

Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerleg*
PATRICIA BECKERLEG
Certified Court Interpreter / Translator
787-792-5224 / 787-399-7788

| REGISTRY OF ADVANCE PAYMENTS | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| $66,000.00 | 12-11-79 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | | $66,000.00 | |

Jay-Ce-Agriculture _____        Position 2        Form FmHA 1940 17-(S)
                                                            (Rev. 11-1-7

"The sum of this promissory note and the mortgage guaranteeing it, reamortized as of the seventeenth of September of one thousand nine hundred eighty-five, gave a debtor balance amounting to Fifty-eight Thousand Eight Hundred Seventy-eight dollars and Fifty-two Cents ($58,878.52), with interest at the rate of five percent annually, and which shall be paid in the following manner:

An installment of ($300.00) Three Hundred Dollars beginning on January first of one thousand nine hundred eighty-six;

An installment of Three Hundred Dollars ($300.00) on January first of one thousand nine hundred eighty-seven;

An installment of Five Hundred Dollars ($500.00) on January first of one thousand nine hundred eighty-eight;

An installment of Two Thousand Nine Hundred Twenty-one dollars ($2,921.00) on January first of one thousand nine hundred eighty-nine;

An installment of Two Thousand Nine Hundred Twenty-one dollars ($2,921.00) on January first of one thousand nine hundred ninety;

An installment of Three Thousand One Hundred and Forty-four Dollars ($3,144.00) on January first of one thousand nine hundred ninety-one and from there onwards, an installment of THREE THOUSAND NINE HUNDRED THIRTY-THREE DOLLARS ($3,933.00) on or before each subsequent January first except

1

the final payment of the total of the debt evidenced herein which shall be made on or

before the seventeenth of September of the year two thousand nineteen (2,019), as

results from deed number Two hundred five, dated September seventeen of one

thousand nine hundred eighty-five, before Notary José M. Saliceti.  I GIVE FAITH.

In Adjuntas, Puerto Rico, on September seventeen of 1985.

(signed)<br>
JOSE  M. SALICETI<br>
Notary Public

(Note: stamped with the seal of the Notary Public, José M. Saliceti).

Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and
faithful translation of its original.

Patricia Beckerleg
PATRICIA BECKERLEG
Certified Court Interpreter / Translator
Tel. /92-5224 / 787-399-7788

This promissory note, after having had credited to it the sum of TWELVE

THOUSAND SIX HUNDRED SIXTY-SIX DOLLARS AND SIXTY-NINE

CENTS ($12,666.69) to the principal and SIX THOUSAND ONE HUNDRED

FORTY-SIX DOLLARS AND THIRTY-ONE CENTS ($6,146.31) to interest,

gives a debtor balance of FIFTY-THREE THOUSAND THREE HUNDRED

THIRTY-THREE DOLLARS AND THIRTY-ONE CENTS ($53,333.31) as of

August nineteen of one thousand nine hundred eighty-three.  I Give Faith.

(signed)<br>
Notary Public

(Note: stamped with the seal of Bolívar J. Dones Rivera, Notary Public)

2

Forma FmHA 1940-17 (S)
(Rev. 11-1-78)

DEPARTAMENTO DE AGRICULTURA DE ESTADOS UNIDOS
ADMINISTRACION DE HOGARES DE AGRICULTORES

PAGARE

| CLASE DE PRESTAMO  (Limited |
| Tipo: FARM OWNERSHIP_Resources) |
| De acuerdo a: |
| ☒ Consolidated Farm & Rural Development Act |
| ☐ Emergency Agricultural Credit Adjustment Act of 1978 |

| Nombre | | ACCION QUE REQUIERE PAGARE: |
| FELIX RODRIGUEZ SERRANO | | |
| Estado | Oficina | ☒ Préstamo Inicial ☐ Nuevo Plan de Pago |
| PUERTO RICO | ADJUNTAS | ☐ Préstamo Subsiguiente ☐ Reamortización |
| | | ☐ Consolidación y préstamo ☐ Venta a Crédito |
| Caso Núm. | Fecha | subsiguiente ☒ Pagos Diferidos |
| 63-35-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 | 11 de diciembre de 1979 | ☐ Consolidación |

POR VALOR RECIBIDO, el Prestatario(s) subscribiente y cualquier otro co-deudor mancomunada y solidariamente pagaremos a la orden de Estados Unidos de América, actuando por conducto de la Administración de Hogares de Agricultores del Departamento de Agricultura de los Estados Unidos (denominado en adelante el "Gobierno") o su

cesionario en su oficina en _____ Adjuntas, Puerto Rico _____ 31

o en otro sitio designado por el Gobierno por escrito, la suma principal de --SESENTA Y SEIS MIL CON

----------------00/100-----dólares ($ 66,000.00 ) más intereses sobre el principal adeudado al

-----------------TRES-----------------  POR CIENTO ( 3 %) anual. Si este pagaré

es para un préstamo de Recursos Limitados (indicado en el encasillado superior "Clase de Préstamo"), el Gobierno puede **CAMBIAR EL PORCIENTO DE INTERES,** de acuerdo con los reglamentos de la Administración de Hogares de Agricultores, no más frecuente que trimestralmente, notificando por correo al Prestatario con treinta (30) días de anticipación a su última dirección. El nuevo tipo de interés no deberá exceder el porciento de interés más alto establecido en los reglamentos de la Administración de Hogares de Agricultores para el tipo de préstamo arriba indicado.

Principal e intereses serán pagados en ___ 41 ___ plazos, según indicado abajo, excepto si es modificado por un tipo de interés diferente, en o antes de las siguientes fechas:

| | | |
|---|---|---|
| $ 50.00 | en enero 1, 1980 | $ _____ en enero 1, 19 ; |
| $ 100.00 | en enero 1, 1981 | $ _____ en enero 1, 19 ; |
| $ 200.00 | en enero 1, 1982 | $ _____ en enero 1, 19 ; |
| $ _____ | en enero 1, 19 ; | $ _____ en enero 1, 19 ; |
| $ _____ | en enero 1, 19 ; | $ _____ en enero 1, 19 ; |

y $ 3,079.00 _____, subsiguientemente en enero 1 de cada año hasta que el principal e intereses sean completamente pagados excepto que el plazo final de la deuda aquí evidenciada, de no ser pagada anteriormente, vencerá y será pagadero en __ 40 __ años de la fecha de este pagaré y excepto que se podrán hacer pagos adelantados según se provee más abajo. La consideración aquí envuelta respaldará cualquier convenio modificando el plan de pagos.

Si la cantidad total del préstamo no es adelantada a la fecha del cierre, el préstamo será adelantado al Prestatario según solicitado por el Prestatario y aprobado por el Gobierno. La aprobación del Gobierno será dada siempre y cuando el adelanto es solicitado para un propósito autorizado por el Gobierno. Se acumularán intereses por la cantidad de cada adelanto desde su fecha actual como se demuestra en el Registro de Adelantos en el final de este pagaré. El Prestatario autoriza al Gobierno a anotar la(s) cantidad(es) y fecha(s) de tal(es) adelanto(s) en el Registro de Adelantos.

En cada pagaré reamortizado o consolidado, o con un nuevo plan de pago, los intereses acumulados a la fecha de este instrumento deberán ser sumados al principal y ese nuevo principal acumulará intereses a razón del porciento de interés evidenciado por este instrumento.

Todo pago hecho en cualquier deuda representada por este pagaré será primero aplicado a intereses computados a la fecha efectiva del pago y después al principal.

Jay-Ce-Agricultura                    *Posición 2*                    Forma FmHA 1940-17 (S)
(Rev. 11-1-78)

Pagos adelantados de los ___zos estipulados o cualquier parte de los m___s, podrán hacerse en cualquier tiempo a opción del Prestatario. Reembolsos y pagos extras, según se definen en los reglamentos (7 C.F.R. 1861.2) de la Administración de Hogares de Agricultores, de acuerdo con la fuente de los fondos envueltos, después de abonarse los intereses, se aplicarán a los últimos plazos a vencer bajo este pagaré y no afectarán la obligación del Prestatario de pagar los restantes plazos según se especifican en el mismo. Si el Gobierno en cualquier momento cediera este pagaré y asegura el pago del mismo, el prestatario continuará haciendo los pagos al Gobierno como agente cobrador del tenedor.

Mientras este pagaré esté en poder de un prestamista asegurado, los pagos adelantados hechos por el Prestatario podrán, a opción del Gobierno, ser remitidos por el Gobierno prontamente al tenedor o, a excepción del pago final, podrán ser retenidos por el Gobierno y remitidos al tenedor a base de plazo anual vencido. La fecha efectiva de todo pago hecho por el prestatario, excepto pagos retenidos y remitidos por el Gobierno al tenedor a base de plazo anual vencido será la fecha del cheque del Tesoro de los Estados Unidos mediante el cual el Gobierno remite el pago al tenedor. La fecha efectiva de cualquier pago adelantado retenido y remitido por el Gobierno al tenedor a base de plazo anual vencido, será la fecha del pago adelantado por el Prestatario y el Gobierno pagará los intereses a los cuales el tenedor tiene derecho que se devenguen entre la fecha efectiva de cualquiera de dichos pagos adelantados y la fecha del cheque del Tesoro remitido al tenedor.

Cualquier cantidad adelantada o invertida por el Gobierno para el cobro de este pagaré o para preservar o proteger la garantía del préstamo o de otra manera invertido bajo los términos de cualquier convenio de garantía u otro instrumento otorgado en relación con el préstamo aquí evidenciado, a opción del Gobierno pasará a ser parte del préstamo y devengará intereses al mismo tipo de interés que el principal de la deuda aquí evidenciada y vencerá y será pagadera inmediatamente por el Prestatario al Gobierno sin necesidad de requerimiento.                                   32

La propiedad construida, mejorada, comprada o refinanciada en total o en parte con el préstamo aquí evidenciado no será arrendada, cedida, vendida, transferida o gravada voluntariamente o de otra forma, sin el previo consentimiento por escrito del Gobierno. A menos que el Gobierno consienta lo contrario por escrito, el Prestatario operará personalmente dicha propiedad como una finca si este préstamo es a dueño de finca (FO).

Si una "Consolidación y un Préstamo Subsiguiente", "Consolidación", "Reamortización" o un "Nuevo Plan de Pago" es indicado en el encasillado superior de la primera página "Acción que Requiere Pagaré", este pagaré es otorgado para consolidar, reamortizar o evidenciar un nuevo plan de pago pero no en satisfacción del principal e intereses del siguiente pagaré(s) o convenio(s) de subrogación (nuevos términos):

| VALOR DEL PAGARE | INTERESES | FECHA | PRESTATARIO ORIGINAL | ULTIMO PLAZO A VENCER |
|---|---|---|---|---|
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |
| $ | % | ,19 | | ,19 |

Los documentos de garantía tomados en relación con los préstamos evidenciados por estos pagarés descritos u otras obligaciones relacionadas no son afectadas por el otorgamiento de esta consolidación, reamortización o nuevo plan de pago: Estos instrumentos de garantía continuarán en efecto y la garantía ofrecida para los préstamos evidenciado por los pagarés descritos permanecerán como garantía para el préstamo evidenciado por este pagaré y por cualquier otra obligación relacionada.

CONVENIO DE REFINANCIAMIENTO: Si en cualquier tiempo el Gobierno determinare que el Prestatario puede obtener un préstamo de una cooperativa responsable u otra fuente de crédito privada a un tipo de interés y términos razonables para préstamos por tiempo y condiciones similares, el Prestatario, a requerimiento del Gobierno, solicitará y aceptará el préstamo en cantidad suficiente para satisfacer este pagaré en su totalidad y pagar las acciones necesarias si el prestamista es una cooperativa.

INCUMPLIMIENTO: La falta de pago a su vencimiento de cualquier deuda aquí evidenciada o el incumplimiento de cualquier condición o acuerdo bajo este documento constituirá incumplimiento bajo cualquier otro instrumento evidenciando una deuda del Prestatario asegurada o garantizada por el Gobierno o en cualquier otra forma relacionada con dicha deuda; el incumplimiento bajo cualquier otro instrumento constituirá incumplimiento bajo los términos de este documento. COMETIDO CUALQUIER INCUMPLIMIENTO, el Gobierno, a su opción, podrá declarar toda o parte de dicha deuda vencida y pagadera inmediatamente.

Este Pagaré se otorga como evidencia de un préstamo al Prestatario concedido o asegurado por el Gobierno de conformidad con la Consolidated Farm and Rural Development Act o el Emergency Agricultural Credit Adjustment Act of 1978 y para el tipo de préstamo según indicado en el encasillado "CLASE DE PRESTAMO" más arriba. Este Pagaré está sujeto a los reglamentos presentes de la Administración de Hogares de Agricultores y a sus futuros reglamentos no inconsistentes con las estipulaciones aquí consignadas.

Presentación, protesto y aviso son por la presente expresamente renunciados.

_FELIX RODRIGUEZ SERRANO_ (Prestatario)

_CARMEN ORTIZ ORTIZ_ (Prestatario)

Bo. Yahuecas, Buzón 521

Adjuntas, Puerto Rico 00601

33

| REGISTRO DE ADELANTOS | | | | | |
|---|---|---|---|---|---|
| CANTIDAD | FECHA | CANTIDAD | FECHA | CANTIDAD | FECHA |
| $ 66,000.00 | 12-11-79 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | | TOTAL | $66,000.00 |

Jay-Ce–Agricultura

_Posición 2_

Forma FmHA 1940-17 (S)
(Rev. 11-1-78)

"El importe de este pagaré y la hipoteca que lo garantiza,reamortizado
al diez y siete de septiembre demil novecientos ochenta y cinco,dió
un saldo deudor montante a Cincuenta y Ocho Mil Ochocientos setenta
y ocho dólares cincuenta y dos centavos ($58,878.52), con intereses
a razón del cinco por ciento anual, y la cual habrá de ser pagada
en la siguiente forma:

   Un plazo de $300.00)Trescientos dóalres comenzando en enero primero
de mil novecientos ochenta y seis;
Un plazo de Trescientos dólares ($300.00) en enero primero de mil
novecientos ocehnta y siete;
Un plaZO DE Quinientos dólares ($500.00) en enero primero de mil
novecientos ochhen y ocho; ;
Un plazo de Dos MIl NOvecientos veintiún dólares ($ 2,921.00 en
enero primero de mil novecientos ocehnta y nueve;
un plazo de Dos MIl Novecientos veintiúndólares ($ 2,921.00)
en enero primero de mil novecientos noventa;
Unplazo de Tres Mil ciento cuarenta y cuatro dólares ($3,144.00)
en enero primero de mil novecientos noventa y uno y de allí en
adelante un plazo de TRES MIL NOVECIENTOS TREINTA Y TRES DOLARES
($ 3,933.00) en o antes de cada enero primero subsiguiente
excepto el pago final del total de la deuda aquí evidenciada que
se hará en o antes del diez y siete de septiembre del año dos
mil diecinueve (2,019),según resulta de la escritura número Doscientos
cinco de fecha diez y sietede septiembre de mil novecientos
ochenta y cinco , ante elNotario José M.Saliceti. DOY FE.
En Adjuntas,Puerto Rico a diez y siete de septiembre de 1985.

JOSE M.SALICETI
Notario Público

Este pagaré, luego de acreditársele la suma de DOCE MIL SEISCIENTOS SE-
SENTA Y SEIS DOLARES SESENTA Y NUEVE CENTAVOS ($12,666.69) a principal
y SEIS MIL CIENTO CUARENTA Y SEIS DOLARES TREINTIUN CENTAVOS ($6,146.31)
a intereses, arroja un balance deudor de CINCUENTA Y TRES MIL TRESCIEN-
TOS TREINTITRES DOLARES TREINTIUN CENTAVOS ($53,333.31) al diecinueve
de agosto de mil novecientos ochenta y tres. Doy Fe.

Notario Público

Stamped:     Presented at entry no. 04
             Daily record book 176
             Time 1:50
             Date   December 12, 1979
             Utuado Property Registry

# ATTORNEY   JOSE   M.   SALICETI
### ATTORNEY-NOTARY
TELEPHONE 829-2640                    BOX   97
### ADJUNTAS, PUERTO RICO
@@@@@@@@@@@@@@@@@@@

## NO.   487

Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerleg*
PATRICIA BECKERLEG
Certified Court Interpreter / Translator
787-792-5224 / 787-399-7788

## **** D E E D ****

### OF

### VOLUNTARY   MORTGAGE

### EXECUTED

**BY**:   Mister Félix Rodríguez Serrano and
Mistress Carmen Ortiz Ortiz

## IN   FAVOR   OF:   United States of America (FMHA)

On December 11, 1979

### ****COPY****

70.0 " cuerdas"
12.00 " cuerdas"
2996
3734

(stamped with the seal of the Puerto Rico Property Registry, Utuado section).

FmHA Form 427-1 PR
10/77

Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true an
faithful translation of its original.

*Patricia Beckerleg*
PATRICIA BECKERLEG
Certified Court Interpreter / Translator
787-792-5224 / 787-399-7788

## NUMBER  FOUR HUNDRED EIGHTY-SEVEN (487)

## VOLUNTARY MORTGAGE

In  Adjuntas, Puerto Rico, on  December 11  of one thousand nine hundred seventy-nine.-------------------------------------------------------------
----------------------------------BEFORE  ME----------------------------------
----------------------------------JOSE  M. SALICETI----------------------------------
Attorney  and  Notary  Public  of this  island  with  residence  and  domicile  in Adjuntas, Puerto Rico and office in Adjuntas, P.R..----------------------------------

(Note:  Stamped with the seal of the Puerto Rico Property Registry, Utuado section and that of  José M. Saliceti, Attorney-Notary).

### APPEARING

The persons named in the TWELFTH paragraph of this mortgage henceforth referred to as the "mortgage debtor" and whose personal circumstances appear from said paragraph.

I give faith of the personal knowledge of the ones appearing herein, as well as on the basis of their statements regarding their age, civil status, occupation and domicile.

They assure me of being in the full enjoyment of their civil rights, the free administration of their goods and in my judgment, they have the necessary legal capacity for this execution.

**STATE**

FIRST:    The mortgage debtor is the owner of the property or properties described in the ELEVENTH paragraph as well as of all the rights and interest in the same, referred to henceforth herein as "the goods".

SECOND:   That the goods mortgaged herein are encumbered by the liens which are specified in the ELEVENTH paragraph.

THIRD:  That the mortgage debtor  has an obligation with regard to the United States of America, acting through the Farmer's Home Administration, henceforth referred to herein as the "mortgage creditor", with regard to a loan or loans evidenced by one or more promissory notes or  subrogation agreement, henceforth referred to as the "promissory note", whether they are one or more.   It is required by the Government that additional monthly payments of one-twelfth of the taxes, assessments (taxes), insurance premiums and other charges which have been estimated with regard to the mortgaged property be made.

FOURTH:    It is clearly understood that:

(One) The promissory note evidences a loan or loans to the mortgage debtor for the sum of the principal, specified in the same, granted, for the purpose and the intention that the mortgage creditor may cede the promissory note at any time and insure its payment in conformity with the Minutes of one thousand nine hundred and sixty-one consolidating the Farmer's Home Administration or the Title V of the Housing Act of one thousand nine hundred and forty-nine, pursuant to how it has been amended.

(Two) When the payment of the promissory note is guaranteed by the

mortgage creditor, it may be ceded from time to time and each holder of said promissory note in turn shall be the insured lender.

(Three)  When the payment of the promissory note is insured by the mortgage creditor, the  mortgage  creditor  will  grant  and  hand over to the insured lender together with promissory note an endorsement of insurance totally guaranteeing the payment of the principal and interest of said promissory note.

(Four) At all times that the payment of the promissory note is insured by the mortgage creditor, the mortgage creditor, through an agreement with the insured lender, shall determine in the insurance endorsement the portion of the payment of interest of the  promissory note that shall be designated as "annual charge".

(Five) A condition of the insuring of the payment of the promissory note shall be that the holder shall cede all of its rights and remedies against the mortgage debtor and any other with regard to said loan as well as with regard to the benefits of this mortgage and accept instead the benefits of the insurance, and in the event of violation of any agreement or stipulation contained herein or in the promissory note or in any supplementary agreement on the part of the mortgage debtor, at the requirement of the mortgage creditor, shall endorse the promissory note to the mortgage creditor.

(Six)  Among other things, it is the purpose and intention of this mortgage, that at all times when the promissory note is in the power of the mortgage creditor, or in the case in which  the  mortgage creditor cedes this mortgage without  insuring  the  promissory note, this mortgage shall guarantee the

payment of the promissory note but when the promissory note is in the power of an insured lender, this mortgage will not guarantee the payment of the promissory note or form part of the debt evidenced by the same, but with regard to the promissory note and to said debt, it shall constitute a mortgage of indemnification to guarantee the mortgage creditor against any loss under the endorsement of insurance due to the cause of any breach on the part of the mortgage debtor.

FIFTH: That in consideration to the loan and (a) at all times that the promissory note is conserved by the mortgage creditor or in the case that the mortgage creditor cedes the present mortgage without the insurance of the payment of the promissory note and in guaranty of the sum of the promissory note pursuant to how it is specified in sub-paragraph (One) of the NINTH paragraph with its interest at the stipulated rate and to ensure the prompt payment of said promissory note, its renewal or extension and any agreement contained in the same, (b) at all times that the promissory note is held by the insured lender in guaranty for the sums specified in sub-paragraph (Two) of the NINTH paragraph consigned herein, to guarantee the fulfillment of the agreement of the mortgage debtor to indemnify and maintain the mortgage creditor free against losses under the endorsement of insurance due to the breach on the part of the mortgage debtor, and (c) in any case and at all times in guaranty of the additional sums consigned in sub-paragraph (Three) of the NINTH paragraph of this instrument and to ensure the compliance of each and every one of the agreements and stipulations of the mortgage debtor contained herein or in any other supplementary agreement, the mortgage debtor, by means of the present document, constitutes a voluntary mortgage in favor of the mortgage creditor with regard to the goods described in the ELEVENTH paragraph further on, as well as over the rights, interest, rights of way,

hereditary rights, accessions belonging to the same, any rental fees, credits, benefits from the same and all product and income from the same, any personal improvement or property in the present or which in the future is added or which is reasonably necessary for the use of the same, with regard to the waters, the water rights or shares in the same, belonging to the properties or to all payments which at any time are owed to the mortgage debtor by virtue of the sale, lease, transfer, alienation or total or partial expropriation of or due to damages to any part of the same or to the interest in them, it being understood that this lien shall be in full effect until the amounts specified in the NINTH paragraph with their interest, before and after the due date, until the same have been paid off in their entirety.  In the event of foreclosure, the goods shall answer for the payment of the principal, the interest before and after the due date, until they have been totally paid off, loss suffered by the mortgage creditor as insurer for the promissory note, taxes, insurance premium or any other outlay or advance payment on the part of the  mortgage creditor to the account of the mortgage debtor with its interest until they have paid the mortgage creditor  the costs, expenses and attorney's fees of the mortgage creditor.   Any extension or renewal of said obligations with interest on each and every other charge or additional sum specified in the NINTH paragraph of this document.

SIXTH:  The mortgage debtor expressly agrees to the following:

(One)    Pay the mortgage creditor promptly upon its maturity any debt guaranteed herein and indemnify and maintain free from loss the mortgage creditor under the insurance for the payment of the promissory note due to the lack of compliance on the part of the mortgage debtor.  At all times when the promissory note is held by the insured lender, the mortgage debtor shall

continue making the payments against said promissory note to the mortgage creditor as collection agent for the holder of the same.

(Two)    To pay the mortgage creditor an initial fee for inspection and appraisal and any charge for arrears required in the present or in the future by the regulations of the Farmer's Home Administration.

(Three)    At all times when the promissory note is held by an insured lender, any sum owed and unpaid under the terms of the promissory note, minus the annual amount or charge, may be paid by the mortgage creditor to the holder of the promissory note under the terms provided in the promissory note and in the insurance endorsement referred to in the preceding FOURTH paragraph to the account of the mortgage debtor.


Any sum due and unpaid under the terms of the promissory note, whether this is held by the mortgage creditor or by the insured lender, may be credited by the mortgage creditor toward the promissory note and as a result shall constitute an advance payment on the part of the mortgage creditor to the account of the mortgage debtor.

Any advance on the part of the mortgage creditor such as it is described in this sub-paragraph shall accrue interest at the rate of **three** percent (**3%** ) annually from the date when the payment was due up the date when the mortgage debtor pays it.

(Four):    Whether the promissory note was insured by the mortgage creditor or not, any or all advance payments made by the mortgage creditor for the insurance premium, repairs, encumbrances or other claims in the protection of the mortgaged goods or for taxes or other similar expenses due to

the fact that the mortgage debtor had stopped paying the same, shall accrue interest at the rate of the type stipulated in the previous sub-paragraph from the date of said advance payments until the same have been satisfied by the mortgage debtor.

(Five) Any advance payment made by the mortgage creditor described in this mortgage with its interest shall be due immediately and shall be payable by the mortgage debtor to the mortgage creditor without the need for any requirement whatsoever at the place designated in the promissory note and shall be guaranteed by means of the present mortgage. No advance payment made by the mortgage creditor shall release the mortgage debtor from its violation of the agreement to pay. Said advance payments, with their interest shall be reimbursed from the first payments received from mortgage debtor. If there were no advance payments, any payment verified by the mortgage debtor may be applied toward the promissory note or toward any other debt of the mortgage debtor guaranteed herein in the order in which it were to be determined by the mortgage creditor.

(Six) Use the sum of the loan evidenced by the promissory note solely for the purpose authorized by the mortgage creditor.

(Seven) To pay upon their maturity the taxes, special taxes, liens and charges which encumber the goods or the rights or interest of the mortgage debtor under the terms of this mortgage.

(Eight) Obtain and maintain insurance against fire and other risks as required from the mortgage creditor with regard to the existing buildings and the improvements on the goods or any other improvement introduced in the future. The insurance against fire and other risks shall be in the form and for the

amounts, terms and conditions approved by the mortgage creditor.

(Nine) Conserve the goods in good condition and promptly verify the necessary repairs for the conservation of the goods; shall not commit nor allow the commission of any deterioration of the goods; neither shall remove nor demolish any building or improvement in the goods, neither shall cut nor remove wood from the farm, neither shall remove nor allow the removal of gravel, sand, oil, gas, charcoal or other minerals without the consent of the mortgage creditor and shall promptly carry out the repairs on the goods that the mortgage creditor requires from time to time. The mortgage debtor shall comply with those practices for the conservation of soil and the plans of the property and of the home which the mortgage creditor may prescribe from time to time.

(Ten) If this mortgage is granted for a loan to a property owner pursuant to how it is identified in the regulations of the Farmer's Home Administration, the mortgage debtor personally shall operate the goods by themselves and by means of his family as a farm and for no other purpose and shall not lease the farm or part of it unless the mortgage creditor consents to it in writing in another method of operation or to the lease.

(Eleven) Shall submit in the manner and form in which the mortgage creditor requires the information regarding his income and expenses and any other information related to the operation of the goods and shall comply with all the laws, ordinances and regulations affecting the goods or their use.

(Twelve) The mortgage creditor, his agents and attorneys, shall at all times have the right to inspect and examine the goods for the purpose of determining whether the guaranty granted is being undermined or deteriorated, and if said

examination or inspection were to determine, in the judgment of the mortgage creditor, that the guaranty granted is being undermined or deteriorated, such condition shall be considered as a violation on the part of the mortgage debtor of the agreements of this mortgage.

(Thirteen)    If any other person were to illegally keep or challenge the right of possession of  the mortgage debtor with regard to the goods, the mortgage debtor shall immediately  notify the mortgage creditor of said action and the mortgage creditor, at his option, may institute those procedures that were necessary in defense of his interest and the expenses and outlays incurred in by the mortgage creditor in said proceedings, shall be charged to the debt of the mortgage debtor and shall be considered guaranteed by this mortgage within the additional credit of the mortgage clause for advance payments, expenses and other payments.

(Fourteen)    If the mortgage debtor, at any time while this mortgage is in effect, were to abandon the goods or voluntarily hand them over to the mortgage creditor, the mortgage creditor is, by means of the present document authorized and with powers to take possession of the goods, lease them and administrate the goods and collect their rental fees, benefits and income of the same and apply them in the first term to the expenses for collection and  administration and in second term to the payment of the debt evidenced by the  promissory note or any other debt of the mortgage debtor and  guaranteed herein, in the order and manner in which it were to be determined by the mortgage creditor.

(Fifteen)    At any time that the mortgage creditor were to determine that the mortgage debtor could obtain a loan from a credit association for production,

from a Federal Bank or other reliable source, credit union or private one, at a reasonable rate of interest and terms for loans for similar time and purposes, the mortgage debtor, at the request of the mortgage creditor, shall request and accept said loan in sufficient amount to satisfy the promissory note and any other debt guaranteed herein and pay for the necessary shares at the credit union agency with regard to said loan.

(Sixteen)    The lack of fulfillment of any of the obligations guaranteed by this mortgage, or if the mortgage debtor or any other person included as mortgage debtor were to default in the payment of any amount or violate or not comply with any clause, condition, stipulation or covenant or agreement contained herein, or in any supplementary covenant, or were to die or were to declare himself or to be declared incompetent, in bankruptcy, insolvent or were to make a cession to the benefit of his creditors, or the goods or part of them or any interest in the same were to be ceded, sold, leased, transferred or encumbered, voluntarily or in another manner, without the written consent on the part of the mortgage creditor, the mortgage creditor is irrevocably authorized and empowered, at his option and without notice:   (One)    to declare any unpaid debt under the terms of the promissory note or any other debt to the mortgage creditor guaranteed herein, immediately due and payable and proceed to its foreclosure in agreement to the law and the terms of the same; (Two) incur and pay the reasonable expenses for the repair or maintenance of the goods and any expense or obligation which the mortgage debtor did not pay pursuant to how it was agreed upon in this mortgage, including the taxes, insurance premium and any other payment or expense for the protection and conservation of the goods and of this mortgage or lack of compliance of any precept of this mortgage and (Three) to request the protection of the law.

(Seventeen) The mortgage debtor shall pay or reimburse the mortgage creditor all the necessary expenses for the faithful compliance of the covenants and agreements of this mortgage, those of the promissory note and in any other supplementary agreement, including the expenses for surveying, evidence of title, costs, registration and attorney's fees.

(Eighteen) Without affecting in any way whatsoever the rights of the mortgage creditor to request and enforce compliance on any later date the covenants, agreements or obligations contained herein or similar ones or other covenants and without affecting the liability of any person for the payment of the promissory note or any other debt guaranteed herein and without affecting the lien imposed on the goods or the priority of the lien, the mortgage creditor is, by means of the present document, authorized and empowered at any time (One) to waive the compliance of any agreement or obligation contained herein or in the promissory note or in any supplementary covenant; (Two) negotiate with the mortgage debtor or grant to the mortgage debtor any indulgence or tolerance or extension of time for the payment of the promissory note (with the consent of the holder of said promissory note when it is in the hands of an insured lender) or for the payment of any debt in favor of the mortgage creditor, and guaranteed herein; or (Three) grant and deliver partial cancellations of any part of the goods of the mortgage constituted herein or grant deferment or postponement of this mortgage in favor of any other lien constituted over said goods.

(Nineteen) All the rights, title and interest in and on the present mortgage, including but not limiting the power to execute consents, partial cancellations, subordination, total cancellation, lies solely and exclusively on the mortgage creditor and no insured lender shall have any right, title or interest whatsoever

in or with regard to the lien and the benefits contained herein.

(Twenty) The breach of this mortgage shall constitute default of any other mortgage, farm loan, or mortgage for movable goods owned or insured by the mortgage creditor and granted or assumed by the mortgage debtor; and the default of any of said instruments of guaranty shall constitute default of this mortgage.

(Twenty-one) Any notice that may be have to be given under the terms of this mortgage shall be forwarded by certified mail unless the contrary is ordered by law, and it shall be directed until another address is designated in a notice given to that effect, in the case of the mortgage creditor to the Farmer's Home Administration, the United States Department of Agriculture, San Juan, Puerto Rico, and in the case of the mortgage debtor, to him at the postal address of his residence pursuant to how it is specified further on.

(Twenty-two)    By means of the present document, the mortgage debtor cedes to the mortgage creditor the sum of any judgment obtained by condemnation under sovereign right of eminent domain for public use of the goods or part of them as well as the sum of the judgment for damages caused to the goods. The mortgage creditor shall apply the sum that he receives to the payment of the expenses in which it incurred in its collection and the balance to the payment of the promissory note and any debt to the mortgage creditor guaranteed by this mortgage, and if there were any surplus left, it shall be reimbursed to the mortgage debtor.

SEVENTH: So that it will serve as rate for the first auction that must be held in the event of foreclosure of this mortgage, in conformity to the Mortgage Act, as amended, the mortgage debtor, by means of the present document,

appraises the mortgaged goods in the sum of **SIXTY-NINE THOUSAND DOLLARS ($69,000.00).**-------------------------------------------------------------------

EIGHTH: The mortgage debtor, by means of the present document, waives the requirement endeavor and shall be considered in default without the need of any notice whatsoever on the part of the mortgage creditor. This mortgage is subject to the regulations of the Farmer's Home Administration now in effect and to future regulations, not inconsistent with the terms of this mortgage, as well as also subject to the laws of the Congress of the United States of America which authorize the assignment and the insuring of the aforementioned loan.

NINTH:   The amounts guaranteed by this mortgage are the following:

One. At all times when the promissory note mentioned in the THIRD paragraph of this mortgage is owned by the mortgage creditor or in the event that the mortgage creditor were to cede this mortgage without insuring the promissory note: **SIXTY-SIX THOUSAND DOLLARS ($66,000.00)** the principal of said promissory note, with its interest as stipulated at the rate of **THREE** percent (**3%**) annually;

Two. At all times when the promissory note is held by an insured lender:

(A) **SIXTY-SIX THOUSAND DOLLARS ($66,000.00)** to indemnify the mortgage creditor for advances to the insured lender due to the lack of compliance of the mortgage debtor of paying the installments as is specified in the promissory note, with interest as specified in the SIXTH paragraph, Third:

(B) **NINETY-NINE THOUSAND   DOLLARS ($99,000.00)** in addition, to indemnify the mortgage creditor against any loss that it may suffer under his insurance for the payment of the promissory note;

Three. In any case and at all times:

(A) **TWENTY-SIX THOUSAND FOUR HUNDRED DOLLARS ($26,400.00)** for

interest after the default;

(B)  **THIRTEEN THOUSAND TWO  HUNDRED DOLLARS ($13,200.00)** for taxes, social security and other prepayments for the conservation of this mortgage, with interest at the rate stipulated in the SIXTH paragraph,  Third;

C)  **SIX THOUSAND SIX HUNDRED DOLLARS ($6,600.00)**  for costs, expenses and attorney's fees in case of foreclosure;

(D)  **SIX THOUSAND SIX HUNDRED  DOLLARS ($6,600.00)** for costs and expenses incurred in by the mortgage creditor in proceedings to defend its interest against any person who intervenes or challenges the right of possession of the mortgage debtor to the goods as they are consigned in the SIXTH paragraph, Thirteen.

TENTH:    That the promissory note or notes to which reference is made in the THIRD paragraph of this mortgage is or are described as follows:  Promissory note executed in case number sixty-three dash thirty-five dash five hundred eighty-two dash fifty dash five thousand three hundred seventy-three (63-35-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), dated December 11 of one thousand nine hundred seventy-nine

--------------------------------------------------------------------------

--------------------------------------------------------------------------

--------------------------------------------------------------------------

----------------------- for the  sum of    **SIXTY-SIX THOUSAND DOLLARS ($66,000.00)** of principal plus interest on  the balance  of  the  principal owed at  the  rate  of    **THREE ( 3.0000%)**  percent  until the principal is totally satisfied  according  to  the  terms,  installments,  conditions  and  stipulations contained in said promissory note and as agreed and convened  upon between the Lender and the Government;  except the final payment of the total of the debt represented herein, if it has not been previously satisfied, shall be due and

payable within **FORTY (40)** years from the date of this promissory note.

Said promissory note has been executed as evidence of a loan granted by the government to the borrower in conformity with the Law from the United States of America Congress entitled Consolidated Farm and Rural Development Act of 1961 or in conformity with Title V of the Housing Act of 1949, pursuant to how they have been amended and is subject to the present regulations of the Farmer's Home Administration and the future Regulations which are not inconsistent with said Law. Of which description, I, the Authorizing Notary, GIVE FAITH.

ELEVENTH:   That the property object of the present deed and over which the Voluntary Mortgage is constituted, is described as follows:-----------------------

A. Property located in the Pellejas ward of the municipality of Adjuntas, comprised of SEVENTY "CUERDAS'" equivalent to twenty-seven hectares, fifty-one ares, twenty-eight centiares of land----------------------- abutting on the North, with Carlos Pagán, separated in part by a creek and a road; the "Río de los Muertos" (River of the Dead) which separates it from Pedro Vega; Juan Rivera and Eloy Cardona; South, Domingo Cardona, East, Julio Cedeño and Juan Cedeño separated by a road; West, with Jorge Lucas Valdivieso, Eloy Cardona and Elías Méndez separated by the "Río Los Muertos" (River of the Dead). It contains a dwelling house which measures twenty-five feet by forty feet made out of concrete and wood, zinc roof; another house dedicated to being a machine house which measures twenty feet by thirty-two feet and another concrete and wooden one measuring twelve feet by sixteen feet.

(Handwritten note on the left-hand margin:  property 2996)

----Registered on page two hundred thirty-seven of book one hundred

seventy-five of Adjuntas, property number two thousand nine hundred ninety-six, first registration.------------------------------------------------------------------------

B. RURAL: Plot of land located in the Yahuecas ward of the municipality of Adjuntas, Puerto Rico, with an area of TWELVE "CUERDAS", equivalent to four hectares, seventy-one ares, and sixty centiares, abutting on the East, with land belonging to the Succession of Adolfo Medina from the stump of an "higuerillo" tree; which is near a polished rock; from here to the South, adjoining with the Pérez Succession to a stump of "higuerillo"; on the Southern side, adjoining with the Pérez succession to an entrance to the same by curves and recurves to a stump of "higuerillo" which is on a hill adjoining with José Antonio Luciano and the Valentín succession, from here to the West, straight line to a stump of "higuerillo" which is next to a creek, point which separates land belonging to Ramón Luciano and Juan Toledo; that from the east the creek goes up the creek through the same North, abutting with Juan Toledo up to a stump of "higuerillo" which is to the right of a creek.

Registered on page two hundred thirty-nine of volume one hundred sixty-one of Adjuntas, property number three thousand seven hundred thirty-four.------------

----This property, "B", was acquired by the property owners through purchase from Rosalina, Lilliam, César Julio and Awilda Rodríguez, as stated, I say, as stated, it consists of deed number sixteen of May twenty-nine of one thousand nine hundred seventy-three before the Notary Aura Nélida Pérez.

This property is encumbered with a mortgage for the sum of THREE

THOUSAND DOLLARS ($3,000.00), in favor of the P.R. Production Credit Association, which shall be paid with the product obtained from this loan.--------- The borrower acquired the described property through purchase from Leoncio Pacheco, Vázquez and Saturnina Medina, as stated by Deed Number Four Hundred Eighty-five, lease, Four Hundred eighty-six, dated December eleven of one thousand nine hundred seventy-nine

TWELFTH: That there appear in the present deed as Mortgage Debtors Mister FELIX RODRIGUEZ SERRANO and wife CARMEN ORTIZ ORTIZ, , of legal age, married to each other, property owners and residents of Adjuntas, Puerto Rico; which postal address is Yahuecas ward, Box 521, Adjuntas, P.R. 000601.

THIRTEENTH: The sum of the loan consigned herein was used or shall be used for agricultural purposes and for the construction and/or repair and/or improvements of the physical installations on the property described herein.

FOURTEENTH: The borrowers shall personally occupy and use any structure which has been built, improved or purchased with the sum of the loan guaranteed herein and shall not lease and use for other purposes said structure unless the Government consents to it in writing. The violation of this clause, like the violation of any other covenant or clause contained herein, shall bring about the maturity of the obligation as if the entire term had elapsed and in attitude the Government were to declare the loan due or payable and proceed to the foreclosure of the mortgage.

FIFTEENTH: This mortgage is expressly extended to any existing

construction or building on the property described above and to any improvement, construction or building which is built on said property during the effective period of the mortgage loan constituted in favor of the Government, verified by the present debtor owners or by their cessionnaires or assigns.

SIXTEENTH:   By means of the present document, the Mortgage Debtors, waive, severally and jointly  by themselves and in the name of their heirs, successors, assigns or representatives, in favor of the creditor   (Farmer's Home Administration), any Homestead right which in the present or in the future they could have with regard to the property described in the eleventh paragraph and the buildings located therein or which were to be built in the future;  this is allowed in favor of the Farmer's Home Administration by Act Number thirteen (13) of May twenty-eight (28) of one thousand nine hundred sixty-nine (1969) (31 L.P.R.A. 1851).

SEVENTEENTH:   The mortgage creditor and debtor agree that any stove, oven and heater purchased or financed entirely or partially with funds from the loan guaranteed herein, shall be considered and construed as part of the property encumbered by this Mortgage.

EIGHTEENTH:   In addition, the ones appearing herein state that the sum of the loan consigned herein shall be used  to purchase property "A", construction of road on the properties, development of the property and refinancing of debts.

----NINETEENTH:  In addition, the ones appearing herein in this deed state that since they are dealing with a loan for agricultural purposes, they have agreed to not distribute the liability among the encumbered properties and

therefore, all of them shall answer separately, severally and jointly for the debt, principal, interest, costs and other credits guaranteed by this deed, according to how the same has been amended by Act Number Seventy-nine of June twenty-five of one thousand nine hundred sixty-nine.------------------------------------------

TENTH  TENTH, read TWENTIETH:   Due to dealing with a loan for, I say, of Limited Resources, as indicated in the promissory note, the Government may change the percentage of interest in accordance to the regulations of the Farmers Home Administration.------------------------------------------------------------

------------------------------ACCEPTANCE  AND  WARNINGS-----------------------

The ones appearing herein accept this deed in the manner in which it is drafted due to its being in conformity with their wishes, and I, the Notary, have stated to the parties the warnings of law relevant to this act.-------------------------------

THAT is how the ones appearing before my presence so state and execute it and with  this deed having been READ in its entirety by the ones appearing herein, they ratify themselves as to its contents and sign the present deed in addition to stamping their initials on the margin of each page of this deed.--------

WHEREFORE, as well as of having observed all the requirements of Law, I, the Notary, after signing, putting the Notary's mark on it, stamping and paraphing, GIVE FAITH.---------------------------------------------------------------------

SIGNED: - FELIX  RODRIGUEZ  SERRANO.----------------------------------------

                  CARMEN  ORTIZ  ORTIZ----------------------------------------------

THEIR INITIALS ON THE MARGIN:--------------------------------------------------

Signed: with the Notary's mark on it, stamped, paraphed, JOSE  M. SALICETI

It's a faithful and exact copy of its original which with the number that (illegible) appears in my current protocol of public instruments, to which I make reference. There (illegible) Internal Revenue stamps and forensic (illegible). I issue ONE copy at the request of interested party, leaving note of its removal, (illegible) date of its execution once it has been checked. I REPEAT THE FAITH.----------------------------------------------------------------------------------

(signature)

Note: the page is stamped with the seal of the Notary Public, José M. Saliceti and that of the Puerto Rico Property Registry, Utuado section. There is also a Notarial fee stamp from the Puerto Rico Bar Association, $1.00 value, number 660593).

Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerley*
PATRICIA BECKERLEY
Certified Court Interpreter / Translator
787-792-5224 / 787-399-7788

Handwritten notes:

(1)  Registered on page 117, book 222, Adjuntas, property number 2996, 35th registration.  It is encumbered by postponed price for the sum of $5,000.00 and to the one comprised by this document.   Utuado, on December 12, 1979.

Without fees.                    (signature of the Registrar)

(2)   It is stated that property number 3734 appears registered on page 243, book 167 of Adjuntas, 9th registration and that it is encumbered by a mortgage in favor of Puerto Rico Production Credit Association for the sum of $3,000.00 and the one comprised by this document. Utuado, on December 12, 1979.

Without fees.                    (signature of the Registrar)

Note:  Mortgage with P.R. debt was paid off on 2/11/80

2/15/80  signature of José Luis Maldonado

Note 2: stamped with the seal of the Puerto Rico Property Registry.

Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerleg*
PATRICIA BECKERLEG
Certified Court Interpreter / Translator
787-792-5224 / 787-399-7788

Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerleg*
PATRICIA BECKERLEG
Certified Court Interpreter / Translator
787-792-5224 / 787-399-7788

The ones appearing herein accept the present deed ratifying it as to all its parts, and I, the Notary, stated to them the relevant legal warnings.

## EXECUTION

That is how it is so stated and executed by the ones appearing before me, the Notary, after having waived the right which I informed them they have to require the presence of attesting witnesses.

## READING

Having read this deed out loud to the ones appearing herein by me, the Notary, and having also been personally read by them, they ratify themselves as to it, set their initials on each and every one of the pages of this document, and they sign it in one single act, before me, the Notary.

WHEREFORE, as well as of the knowledge of the grantors and through their statements regarding their age, status, profession and domicile and everything which I assure or to which they made reference in this public document, I, the Notary, GIVE FAITH.

Pres:   30 al As.   0 4
Diario   176
Hora   1:50
Fecha   12/dic/79
Registro de Utuado

# LCDO. JOSE M. SALICETI

## ABOGADO-NOTARIO

TELEFONO 829-2640          APARTADO 97

### ADJUNTAS, PUERTO RICO

NUM. _____ 487

## -:- ESCRITURA -:-

## DE

HIPOTECA  VOLUNTARIA

## OTORGADA

POR _____ DON FELIX RODRIGUEZ SERRANO Y DOÑA CARMEN ORTIZ

ORTIZ

A FAVOR DE _____ ESTADOS UNIDOS DE AMERICA ( FMHA )

EN _____ II _____ DE _____ diciembre _____ DE 19 79

## -:- COPIA -:-

2,996
3,734   12.00

Forma FmHA 427-1 PR
10/77

---------NUMERO   Cuatrocientos Ochenta-

---------Y SIETE ( 487)------------

---------HIPOTECA VOLUNTARIA------------

En   Adjuntas, Puerto Rico a   once de diciembre de mil
novecientos setenta y nueve.------------
---------ANTE MI------------

---------JOSE M. SALICETI------------
Abogado y Notario Público de esta Isla con residencia y vecindad en
Adjuntas, Puerto Rico        y oficina en        Adjuntas, P.R.------

---------COMPARECEN------------

Las personas nombradas en el párrafo DUODECIMO de esta hipoteca
denominados de aquí en adelante el "deudor hipotecario" y cuyas
circunstancias personales aparecen de dicho párrafo.------------

Doy fe del conocimiento personal de los comparecientes, así como por sus
dichos de su edad, estado civil, profesión y vecindad. ------------

Aseguran hallarse en el pleno goce de sus derechos civiles, la libre
administración de sus bienes y teniendo a mi juicio la capacidad legal
necesaria para este otorgamiento,

47

EXPONEN

PRIMERO: El deudor hipotecario es dueño de la finca o fincas descritas en
el párrafo UNDECIMO así como de todos los derechos e intereses en las
mismas, denominada de aquí en adelante "los bienes". ------------

SEGUNDO: Que los bienes aquí hipotecados están afectos a los
gravámenes que se especifican en el párrafo UNDECIMO. ------------

TERCERO: Que el deudor hipotecario viene obligado para con Estados
Unidos de América, actuando por conducto de la Administración de Hogares
de Agricultores, denominado de aquí en adelante el "acreedor hipotecario",
en relación con un préstamo o préstamos evidenciado por uno o más pagarés
o convenio de subrogación, denominado en adelante el "pagaré", sean uno o
más. Se requiere por el Gobierno que se hagan pagos adicionales mensuales
de una doceava parte de las contribuciones, avalúos (impuestos), primas de

FORMA FmHA 427-1 PR

1

Forma FmHA-427-1 PR
10/77

seguros y otros cargos que se hayan estimados sobre la propiedad hipotecaria.————————————————————————

CUARTO: Se sobreentiende que:——————————————————

(Uno) El pagaré evidencia un préstamo o préstamos al deudor hipotecario por la suma de principal especificada en el mismo, concedido, con el propósito y la intención de que el acreedor hipotecario puede ceder el pagaré en cualquier tiempo y asegurar su pago de conformidad con el Acta de mil novecientos sesenta y uno consolidando la Administración de Hogares de Agricultores o el Título Quinto de la Ley de Hogares de mil novecientos cuarenta y nueve, según ha sido enmendada.———————————————

(Dos) Cuando el pago del pagaré es garantizado por el acreedor hipotecario, puede ser cedido de tiempo en tiempo y cada tenedor de dicho pagaré a su vez será el prestamista asegurado.——————————————————

(Tres) Cuando el pago del pagaré es asegurado por el acreedor hipotecario, el acreedor hipotecario otorgará y entregará al prestamista asegurado conjuntamente con el pagaré un endoso de seguro garantizando totalmente el pago de principal e intereses de dicho pagaré.————————————

(Cuatro) En todo tiempo que el pago del pagaré esté asegurado por el acreedor hipotecario, el acreedor hipotecario, por convenio con el prestamista asegurado, determinarán en el endoso de seguro la porción del pago de intereses del pagaré que será designada como "cargo anual".————

(Cinco) Una condición del aseguramiento de pago del pagaré será de que el tenedor cederá todos sus derechos y remedios contra el deudor hipotecario y cualquiera otro en relación con dicho préstamo así como también a los beneficios de esta hipoteca y aceptará en su lugar los beneficios del seguro, y en caso de violación de cualquier convenio o estipulación aquí contenida o en el pagaré o en cualquier convenio suplementario por parte del deudor hipotecario, a requerimiento del acreedor hipotecario endosará el pagaré al acreedor hipotecario.——————————————————————

(Seis) Entre otras cosas, es el propósito e intención de esta hipoteca, que todo tiempo cuando el pagaré esté en poder del acreedor hipotecario, o en el caso en que el acreedor hipotecario ceda esta hipoteca sin asegurar el pagaré, esta hipoteca garantizará el pago del pagaré pero cuando el pagaré

FORMA FmHA-427-1 PR

Forma FmHA-427-1 PR
10/77

esté en poder de un prestamista asegurado, esta hipoteca no garantizará el pago del pagaré o formará parte de la deuda evidenciada por el mismo, pero en cuanto al pagaré y a dicha deuda, constituirá una hipoteca de indemnización para garantizar al acreedor hipotecario contra cualquier pérdida bajo el endoso de seguro por causa de cualquier incumplimiento por parte del deudor hipotecario. ————————————————————

QUINTO: Que en consideración al préstamo y (a) en todo tiempo que el pagaré sea conservado por el acreedor hipotecario o en el caso de que el acreedor hipotecario ceda la presente hipoteca sin el seguro de pago del pagaré y en garantía del importe del pagaré según se especifica en el subpárrafo (Uno) del párrafo NOVENO con sus intereses al tipo estipulado y para asegurar el pronto pago de dicho pagaré, su renovación o extensión y cualquier convenio contenido en el mismo, (b) en todo tiempo que el pagaré sea poseído por el prestamista asegurado en garantía de las sumas especificadas en el subpárrafo (Dos) del párrafo NOVENO aquí consignado, para garantizar el cumplimiento del convenio del deudor hipotecario de indemnizar y conservar libre al acreedor hipotecario contra pérdidas bajo el endoso de seguro por razón de incumplimiento del deudor hipotecario y (c) en cualquier caso y en todo tiempo en garantía de las sumas adicionales consignadas en el subpárrafo (Tres) del párrafo NOVENO de este instrumento y para asegurar el cumplimiento de todos y cada uno de los convenios y estipulaciones del deudor hipotecario aquí contenidos o en cualquier otro convenio suplementario, el deudor hipotecario por la presente constituye hipoteca voluntaria a favor del acreedor hipotecario sobre los bienes descritos en la párrafo UNDECIMO más adelante, así como sobre los derechos, intereses, servidumbres, derechos hereditarios, adhesiones pertenecientes a los mismos, toda renta, créditos, beneficios de los mismos, y todo producto e ingreso de los mismos, toda mejora o propiedad personal en el presente o que en el futuro se adhiera o que sean razonablemente necesarias para el uso de los mismos, sobre las aguas, los derechos de agua o acciones en los mismos, pertenecientes a las fincas o a todo pago que en cualquier tiempo se adeude al deudor hipotecario por virtud de la venta, arrendamiento, transferencia, enajenación o expropiación total o parcial de o por daños a cualquier parte de las mismas o a los intereses sobre ellas, siendo entendido que este gravámen quedará en toda su fuerza y vigor hasta que las cantidades especificadas en el párrafo NOVENO con sus intereses antes y después del vencimiento hasta que los mismos hayan sido pagados en su totalidad. En caso de ejecución, los bienes responderán del pago del principal, los intereses antes y después de vencimiento, hasta su total



-3-

Forma FmHA-427-1 PR
10/77

cualquier o todo adelanto hecho por el acreedor hipotecario para prima de seguro, reparaciones, gravámenes u otra reclamación en protección de los bienes hipotecados o para contribuciones o impuestos u otro gasto similar por razón de haber el deudor hipotecario dejado de pagar por los mismos, devengará intereses a razón del tipo estipulado en el subpárrafo anterior desde la fecha de dichos adelantos hasta que los mismos sean satisfechos por el deudor hipotecario. ------------------------------------------------

(Cinco) Todo adelanto hecho por el acreedor hipotecario descrito en esta hipoteca con sus intereses vencerá inmediatamente y será pagadero por el deudor hipotecario al acreedor hipotecario sin necesidad de requerimiento alguno en el sitio designado en el pagaré y será garantizado por la presente hipoteca. Ningún adelanto hecho por el acreedor hipotecario no relevará al deudor hipotecario de su violación del convenio de pagar. Dichos adelantos, con sus intereses, se reembolsarán de los primeros pagos recibidos del deudor hipotecario. Si no hubieren adelantos, todo pago verificado por el deudor hipotecario podrá ser aplicado al pagaré o a cualquier otra deuda del deudor hipotecario aquí garantizada en el orden que el acreedor hipotecario determinare. -----------------------------------------------------

(Seis) Usar el importe del préstamo evidenciado por el pagaré únicamente para los propósitos autorizados por el acreedor hipotecario. -------------

(Siete) A pagar a su vencimiento las contribuciones, impuestos especiales, gravámenes y cargas que graven los bienes o los derechos o intereses del deudor hipotecario bajo los términos de esta hipoteca. -------------------

(Ocho) Obtener y mantener seguro contra incendio y otros riesgos según requiera el acreedor hipotecario sobre los edificios y las mejoras existentes en los bienes o cualquier otra mejora introducida en el futuro. El seguro contra fuego y otros riesgos serán en la forma y por las cantidades, términos y condiciones que aprobare el acreedor hipotecario. -----------------------

(Nueve) Conservar los bienes en buenas condiciones y prontamente verificar las reparaciones necesarias para la conservación de los bienes; no cometerá ni permitirá que se cometa ningún deterioro de los bienes; ni removerá ni removerá ningún edificio o mejora en los bienes, ni cortará ni removerá madera de la finca, ni removerá ni permitirá que se remueva grava, arena, aceite, gas, carbón u otros minerales sin el consentimiento del acreedor hipotecario y prontamente llevará a efecto las reparaciones en los bienes que

Forma FmHA-427-1 PR
10/77

el acreedor hipotecario requiera de tiempo en tiempo. El deudor hipotecario cumplirá con aquellas prácticas de conservación de suelo y los planes de la finca y del hogar que el acreedor hipotecario de tiempo en tiempo pueda prescribir. ----------------------------------------------

(Diez) Si esta hipoteca se otorga para un préstamo a dueño de finca según se identifica en los reglamentos de la Administración de Hogares de Agricultores, el deudor hipotecario personalmente operará los bienes por sí y por medio de su familia como una finca y para ningún otro propósito y no arrendará la finca ni parte de ella a menos que el acreedor hipotecario consienta por escrito en otro método de operación o al arrendamiento. ------

(Once) Someterá en la forma y manera que el acreedor hipotecario requiera la información de sus ingresos y gastos y cualquier otra información relacionada con la operación de los bienes y cumplirá con todas las leyes, ordenanzas y reglamentos que afecten los bienes o su uso. ----------------



(Doce) El acreedor hipotecario, sus agentes y abogados, tendrán en todo tiempo el derecho de inspeccionar y examinar los bienes con el fin de determinar si la garantía otorgada está siendo mermada o deteriorada, y si dicho examen o inspección determinare, a juicio del acreedor hipotecario, que la garantía otorgada está siendo mermada o deteriorada, tal condición se considerará como una violación por parte del deudor hipotecario de los convenios de esta hipoteca. -----------------------------------

52

(Trece) Si cualquier otra persona detentare con o impugnare el derecho de posesión del deudor hipotecario a los bienes, el deudor hipotecario inmediatamente notificará al acreedor hipotecario de dicha acción y el acreedor hipotecario, a su opción, podrá instituir aquellos procedimientos que fueren necesarios en defensa de sus intereses y los gastos y desembolsos incurrido por el acreedor hipotecario en dichos procedimientos, serán cargados a la deuda del deudor hipotecario y se considerarán garantizados por esta hipoteca dentro del crédito adicional de la cláusula hipotecaria para adelantos, gastos y otros pagos. -------------------------------

(Catorce) Si el deudor hipotecario en cualquier tiempo mientras estuviere vigente esta hipoteca, abandonare los bienes o voluntariamente se los entregase al acreedor hipotecario, el acreedor hipotecario es por la presente autorizado y con poderes para tomar posesión de los bienes, arrendarlos y administrar los bienes y cobrar sus rentas, beneficios e ingresos de los mismos

FORMA FmHA-427-1 PR

Forma FmHA-427-1 PR
10/77

y aplicarlos en primer término a los gastos de cobro y administración y en segundo término al pago de la deuda evidenciada por el pagaré o cualquier otra deuda del deudor hipotecario y aquí garantizada, en el orden y manera que el acreedor hipotecario determinare. ————————————————

(Quince) En cualquier tiempo que el acreedor hipotecario determinare que el deudor hipotecario puede obtener un préstamo de una asociación de crédito para producción, de un Banco Federal u otra fuente responsable, cooperativa o privada, a un tipo de interés y términos razonables para préstamos por tiempo y propósitos similares, el deudor hipotecario, a requerimiento del acreedor hipotecario, solicitará y aceptará dicho préstamo en cantidad suficiente para satisfacer el pagaré y cualquier otra deuda aquí garantizada y pagar por las acciones necesarias en la agencia cooperativa en relación con dicho préstamo. ————————————————

(Dieciseis) El incumplimiento de cualesquiera de las obligaciones garantizadas por esta hipoteca, o si el deudor hipotecario o cualquier otra persona incluída como deudor hipotecario faltare en el pago de cualquier cantidad o violare o no cumpliere con cualquier cláusula, condición, estipulación o convenio o acuerdo aquí contenido o en cualquiera convenio suplementario, o falleciere o se declarare o fuere declarado incompetente, en quiebra, insolvente o hiciere una cesión en beneficio de sus acreedores, o los bienes o parte de ellos o cualquier interés en los mismos fueren cedidos, vendidos, arrendados, transferidos o gravados voluntariamente o de otro modo, sin el consentimiento por escrito del acreedor hipotecario, el acreedor hipotecario es irrevocablemente autorizado y con poderes, a su opción y sin notificación: (Uno) a declarar toda deuda no pagada bajo los términos del pagaré o cualquier otra deuda al acreedor hipotecario aquí garantizada, inmediatamente vencida y pagadera y proceder a su ejecución de acuerdo con la ley y los términos de la misma; (Dos) incurrir y pagar los gastos razonables para la reparación o mantenimiento de los bienes y cualquier gasto u obligación que el deudor hipotecario no pagó según se conviniere en esta hipoteca, incluyendo las contribuciones, impuestos, prima de seguro y cualquier otro pago o gasto para la protección y conservación de los bienes y de esta hipoteca o incumplimiento de cualquier precepto de esta hipoteca y (Tres) de solicitar la protección de la ley. ————————————————

(Diecisiete) El deudor hipotecario pagará o reembolsará al acreedor hipotecario todos los gastos necesarios para el fiel cumplimiento de los convenios y acuerdos de esta hipoteca, los del pagaré y en cualquier otro

Forma FmHA-427-1 PR
10/77

convenio suplementario, incluyendo los gastos de mensura, evidencia de título, costas, inscripción y honorarios de abogado. ————————

(Dieciocho) Sin afectar en forma alguna los derechos del acreedor hipotecario para requerir y hacer cumplir en cualquier fecha posterior convenios, acuerdos u obligaciones aquí contenidas o similares u otros convenios y sin afectar la responsabilidad de cualquier persona para el pago del pagaré o cualquier otra deuda aquí garantizada y sin afectar el gravámen impuesto sobre los bienes o la prioridad del gravámen, el acreedor hipotecario es por la presente autorizado y con poder en cualquier tiempo (Uno) renunciar el cumplimiento de cualquier convenio u obligación aquí contenida o en el pagaré o en cualquier convenio suplementario; (Dos) negociar con el deudor hipotecario o conceder al deudor hipotecario cualquier indulgencia o tolerancia o extensión de tiempo para el pago del pagaré (con el consentimiento del tenedor de dicho pagaré cuando esté en manos de un prestamista asegurado) o para el pago de cualquier deuda a favor del acreedor hipotecario, y aquí garantizada; o (Tres) otorgar y entregar cancelaciones parciales de cualquier parte de los bienes de la hipoteca aquí constituída u otorgar diferimiento o postergación de esta hipoteca a favor de cualquier otro gravámen constituído sobre dichos bienes.

54

(Diecinueve) Todos los derechos, título e interés en y sobre la presente hipoteca, incluyendo pero no limitando el poder de otorgar consentimientos, cancelaciones parciales, subordinación, cancelación total, radica sola y exclusivamente en el acreedor hipotecario y ningún prestamista asegurado tendrá derecho, título o interés alguno en o sobre el gravámen y los beneficios aquí contenidos. ————————

(Veinte) El incumplimiento de esta hipoteca constituirá incumplimiento de cualesquiera otra hipoteca, préstamo refaccionario, o hipoteca de bienes muebles poseída o asegurada por el acreedor hipotecario y otorgada o tomada por el deudor hipotecario; y el incumplimiento de cualesquiera de dichos instrumentos de garantía constituirá incumplimiento de esta hipoteca.

(Veintiuno) Todo aviso que haya de darse bajo los términos de esta hipoteca será remitido por correo certificado a menos que se disponga lo contrario por ley, y será dirigido hasta tanto otra dirección sea designada en un aviso dado al efecto, en el caso del acreedor hipotecario a Administración de Hogares de Agricultores, Departamento de Agricultura de Estados Unidos, San Juan, Puerto Rico, y en el caso del deudor hipotecario, a él a la dirección postal de

FORMA FmHA-427-1 PR

—8—

Forma FmHA-427-1 PR
10/77

su residencia según se especifica más adelante. ------------------

(Veintidos) El deudor hipotecario por la presente cede al acreedor hipotecario el importe de cualquier sentencia obtenido por expropiación forzosa para uso público de los bienes o parte de ellos así como también el importe de la sentencia por daños causados a los bienes. El acreedor hipotecario aplicará el importe que reciba al pago de los gastos en que incurriere en su cobro y el balance al pago del pagaré y cualquier deuda al acreedor hipotecario garantizada por esta hipoteca, y si hubiere algún sobrante, se reembolsará al deudor hipotecario. -----------------

SEPTIMO: Para que sirva de tipo a la primera subasta que deberá celebrarse en caso de ejecución de esta hipoteca, de conformidad con la ley hipotecaria, según enmendada, el deudor hipotecario por la presente tasa los bienes hipotecados en la suma de    SESENTA  Y  NUEVE MIL DOLARES---
($69,000.00). -------------------------------------------------

OCTAVO: El deudor hipotecario por la presente renuncia al trámite de requerimiento y se considerará en mora sin necesidad de notificación alguna por parte del acreedor hipotecario. Esta hipoteca está sujeta a los reglamentos de la Administración de Hogares de Agricultores ahora en vigor y a futuros reglamentos, no inconsistentes con los términos de esta hipoteca, así como también sujeta a las leyes del Congreso de Estados Unidos de América que autorizan la asignación y aseguramiento del préstamo antes mencionado. ------------------------------------------  $S$

NOVENO: Las cantidades garantizadas por esta hipoteca son las siguientes:

Una. En todo tiempo cuando el pagaré relacionado en el párrafo TERCERO de esta hipoteca sea poseído por el acreedor hipotecario o en caso que el acreedor hipotecario cediere esta hipoteca sin asegurar el pagaré: SESENTA Y SEIS MIL-----------  DOLARES ($ 66,000.00 el principal de dicho pagaré, con sus intereses según estipulados a razón del tres        por ciento ( 3  %) anual;  -----------

Otro. En todo tiempo cuando el pagaré es poseído por un prestamista asegurado: ---------------------------------------------
(A)  SESENTA  Y   SEIS MIL ---------------------------------
----------------------------- DOLARES ($  6000.00 )

—9—

Forma FmHA 427-1 PR
10/77

para indemnizar al acreedor hipotecario por adelantos al prestamista asegurado por motivo del incumplimiento del deudor hipotecario de pagar los plazos según se especifica en el pagaré, con intereses según se especifica en el párrafo SEXTO, Tercero; ————————————————

(B)     NOVENTA Y NUEVE MIL — — — — — — — —————
———————————————————— DOLARES ($ 99,000.00)

para indemnizar al acreedor hipotecario además contra cualquier pérdida que pueda sufrir bajo su seguro de pago del pagaré; ————————————

Tres.  En cualquier caso y en todo tiempo; ————————————————

(A)     VEINTISEIS MIL CUATROCIENTOS ——————————
———————————————————— DOLARES ($ 26,400.00 )

para intereses después de mora; ——————————————————

(B)     TRECE MIL DOSCIENTOS—————————————————
———————— DOLARES ($ 13,200.00 )

para contribuciones, seguro y otros adelantos para la conservación y protección de esta hipoteca, con intereses al tipo estipulado en el párrafo SEXTO, Tercero; ————————————————————————

(C)     SEIS MIL SEISCIENTOS ————————————————
———————————————————— DOLARES ($ 6,600.00 )

para costas, gastos y honorarios de abogado en caso de ejecución; ————

(D)     SEIS MIL SEISCIENTOS ————————————————
—————————————DOLARES ($ 6,600.00  )

para costas y gastos que incurriere el acreedor hipotecario en procedimientos para defender sus intereses contra cualquier persona que intervenga o impugne el derecho de posesión del deudor hipotecario a los bienes según se consigna en el párrafo SEXTO, Trece. ———————————————

DECIMO:  Que el (los) pagaré(s) a que se hace referencia en el párrafo TERCERO de esta hipoteca es (son) descrito(s) como sigue: ——————

pagaré otorgado en el caso número   sesenta y tres raya treinta y cinco raya quinientos ochenta y dos raya————————— cincuenta raya  cinco mil trescientos setenta y tres
————(63-35-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)————fechado el día   once (II)————
de  diciembre  de mil novecientos   setenta y nueve.

56

FORMA FmHA 427-1 PR

10

Forma FmHA 427-1 PR
10/77

por la suma de   SESENTA Y SEIS MIL – – – – – –      – – – – – –

– – – – – –   dólares de principal más intereses sobre el balance del principal

adeudado a razón del   tres– – – – – – – – – – – – – – – –

– – – – – ( 3.000 ) por ciento anual, hasta tanto su principal sea

totalmente satisfecho según los términos, plazos, condiciones y estipulaciones

contenidas en dicho pagaré y según acordados y convenidos entre el

Prestatario y el Gobierno; excepto el pago final del total de la deuda aquí

representada, de no haber sido satisfecho con anterioridad, vencerá y será

pagadero a los   Cuarenta(40)        años de la fecha de este pagaré.

–— Dicho pagaré ha sido otorgado como evidencia de un préstamo concedido

por el Gobierno al Prestatario de conformidad con la Ley del Congreso

de los Estados Unidos de América denominada "Consolidated Farm and

Rural Development Act of 1961" o de conformidad con el "Title V of

the Housing Act of 1949", según han sido enmendadas y está sujeto a los

presentes reglamentos de la Administración de Hogares de Agricultores

y a los futuros reglamentos no inconsistentes con dicha Ley . De cuya

descripción, yo, el Notario Autorizante, DOY FE. – – – – – – – – – – 57

UNDECIMO:  Que la propiedad objeto de la presente escritura y sobre la que

se constituye Hipoteca Voluntaria, se describe como sigue: – – – – – – – – –

A.Finca radicada en el barrio Pellejas del término–
municipal de Adjuntas, compuesta de SETENTA CUERDAS–
equivalentes a veintisiete hectáreas, cincuenta y
una áreas, veintiocho centiáreas de terreno– – – – – –
en lindes por el Norte, con Carlos Pagán ,separado
en parte por una quebrada y un camino; el río de lo
Muertos que separa de Pedro Vega; Juan Rivera y El
Cardona;Sur, Domingo Cardona, Este, Julio Cedeño–
y Juan Cedeño separados por un camino ;Oeste, con
Jorge Lucas Valdivieso ,Eloy Cardona y Elías Méndez
separados por el Río Los Muertos.Contiene casa de
vivienda – – – – – – – – – – – – – – – – – – – –

– – – – – – – – – – – – – – – – – – – – – – – – – –

Continúa  la descripción en la página  11A– – – – – – –

que mide veinticinco pies por cuarenta pies ———
de concreto y de madera , techada de zinc;———
otra casa dedicada a máquina que mide veinte -
pies por treinta y dos pies y otra de concreto-
y de madera que mide doce pies por dieciseis—
piés. — — — — — — — — — — — — — — —

Inscrita al folio doscientos treinta y siete-
del tomo ciento setenta y cinco de Adjuntas,
finca número dos mil novecientos noventa y seis
inscripción primera.———————————————

—B. RUSTICA: Predio de terreno radicado en el-
barrio Yahuecas del municipio de Adjuntas,———
Puerto Rico, con cabida de DOCE CUERDAS————
equivalentes a cuatro hectáreas, setenta y una
áreas, y sesenta centiáreas,ñolindando por —
el Este, con terrenos de la Sucesión de Adolfo
Medina desde un tocón de higuerillo;————————
que se encuentra cerca de un chino ; de aquí-
por el Sur, colindando con la Sucesión Pérez-
a un estacón de higuerillo , al lado de l Sur
colindando con la Sucesión Pérez a una entrada-
por el mismo con vueltas y revueltas a un esta-
cón de higuerillo al lado de un guama con la —
misma Sucesión Pérez y José Antonio Luciano ;—
de este , haciendo entrada hacia el Norte, a un
tocón de higuerillo que está en una loma colin
dando con José Antonio Luciano siguiendo ————
toda una loma firme con vueltas y revueltas—
y esquina con José Antonio Luciano y la Suce—
sión Valentín , de aquí al Oeste, línea—
recta a un tocón de higuerillo que está al lado
de una quebrada , punto que separa tierras—
de Ramón Luciano y Juan Toledo ; que de este-
sigue quebrada arriba por el mismo Norte, lindan
do con Juan Toledo a un tocón de higuerillo —
que está a la derecha de una quebrada.————————    58

Inscrita al folio doscientos treinta y nueve—
del tomo ciento sesenta y uno de Adjuntas, finca
número tres mil setecientos treinta y cuatro.—

——————Esta finca "B" la adquirieron los compare
cientes por compra a Rosalina, Lilliam————
César Julio y Awilda Rodríguez , según conts-
digo, consta de la escritura número die ciseis
de veintinueve de mayo de mil novecientos se-
tenta y tres ante el Notario Aura Nélida Pérez.

Esta finca se encuentra afecta a una hipoteca -
por la suma de TRES MIL DOLARES ($3,000.00)——
a favor de P.R. Production Credit Association -
la cual se saldará con el producto de este prés
tamo.—————————————————————————————————



II A

Forma FmHA 427-1 PR
10/77

Adquirió el prestatario la descrita finca por compra a--------
Leoncio Pacheco Vázquez y Saturnina Medina------------
según consta de la Escritura Número Cuatrocientos Ochenta
y cinco, lease, Cuatrocientos ochenta y seis-----------
de fecha once de diciembre de mil---
novecientos setenta y nueve-----------------------------
otorgada en la ciudad de Adjuntas----
ante el Notario José M.Saliceti.----------------
Dicha propiedad se encuentra libre de cargas.-------------

DUODECIMO: Que comparecen en la presente escritura como------
Deudores Hipotecarios don FELIX RODRIGUEZ SERRANO y espose
CARMEN ORTIZ ORTIZ, mayores de edad, casados entre sí
propietarios y vecinos de Adjuntas,Puerto Rico;----------
cuya dirección postal es: Bo. Yahuxxas, Buzón 521------
Adjuntas, Puerto Rico,------------ 00601.-----------

59

DECIMO TERCERO: El importe del préstamo aquí consignado se
usó ó será usado para fines agrícolas y la construcción y/o
reparación y/o mejoras de las instalaciones físicas en la-
finca(s) descrita(s).------- ------------- --- ---- -- ---
DECIMO CUARTO: El prestatario ocupará personalmente y usará-
cualquier estructura que haya sido construída, mejorada o-----
comprada con el importe del préstamo aquí garantizado y no----
arrendará o usará para otros fines dicha estructura a menos qu
gobierno lo consienta por escrito. La violación de esta---
cláusula como la violación de cualquiera otro convenio o cláu-
sula aquí contenida ocasionará el vencimiento de la obligación
como si todo el término hubiese transcurrido y en aptitud el
gobierno de declarar vencido o pagadero el préstamo y proceder
a la ejecución de la hipoteca.------------------------- ----
DECIMO QUINTO: Esta hipoteca se extiende expresamente a toda
construcción o edificación existente en la(s) finca(s) antes--

12

Forma FmHA 427-1PR
10/77

descrita(s) y a toda mejora, construcción o edificación que
se construya en dicha finca(s) durante la vigencia del ------
préstamo hipotecario constituido a favor del Gobierno, veri-
ficada por los actuales dueños deudores o por sus cesionarios
o causahabientes. ---------------------------------------

DECIMO SEXTO:  El deudor hipotecario por la presente-------
renuncia mancomunada y solidariamente por sí y a nombre de--
sus herederos causahabientes, sucesores o representantes a-
favor del acreedor (Administración de Hogares de -----------
Agricultores), cualquier derecho de Hogar Seguro (Homestead)
que en el presente o en el futuro pudiera tener en la ------
propiedad descrita en el párrafo undédimo y en los edificios
allí enclavados o que en el futuro fueran construídos; -----
renuncia esta permitida a favor de la Administración de ----
Hogares de Agricultores por la Ley Número trece (13) del ---
veintiocho (28) de mayo de mil novecientos sesenta y nueve--
(1969) (31 L.P.R.A. 1851).------------------------------- 60

DECIMO SEPTIMO:  El acreedor y el deudor hipotecario -------
convienen en que cualquier estufa, horno, calentador compra-
do o financiado total o parcialmente con fondos del préstamo
aquí garantizado, se considerará e interpretará como parte--
de la propiedad gravada por esta Hipoteca.------------------

DECIMO OCTAVO:-Manifiestan además los comparecientes
que  el importe del préstamo aquí consignado se usará
para compra de la finca "A" ,construcción de caminon
a las fincas, desarrollo de la finca  y refinanciar
deudas.-----------------------------------------------------

--DECIMO NOVENO:- -Manifiestan además los comparecien-
tes en esta escritura que por tratarse de un préstamo
para fines agrícolas han acordado  on no distribuir
la responsabilidad entre las fincas gravadas----------
por lo tanto todas responderán por separado---------
solidaria y mancomunadamente de la douda, -----------
principal  , intereses, costas y demás créditos-----
garantizados  por esta escritura ,según  el mismo--
Ha  sido enmendado por la Ley Número Setenta y nueve
del veinticinco de junio de mil novecientos sesenta
y nueve .-----------------------------------------------

DECIMO DECIMO -lease,  VIGESIMO:---------------------
Por tratarse de un préstamo para  digo de Recursos
Limitados  ,según indicado en el pagará el----------

pvol - 83

13

el Gobierno puede cambiar   el porciento de-----
interés  de acuerdo  con los reglamentos---------
de la Administración de Hogares  de  Agricultores.-

----------------ACEPTACION Y ADVERTENCIAS----------

Los comparecientes aceptan esta escritura en la-
forma en que está  redactada por ser conforme ----
a sus deseos, Y Yo el Notario he hecho a las---
partes las advertencias de ley pertinentes ------
a este acto. - - - - - - - - - - - - - - - - -
ASI lo dicen y otorgasn los comparecientes ante
mi presencia y LEIDA esta escritura en su inte-
gridad por los comparecientes en su contenido se-
ratifican y firman la presente escritura estam-
pando además sus iniciales al margen de cada folio
de esta escritura. - - - - - - - - - - - - - -
DE TODO LO CUAL, así como de haber observado---
todos los  requisitos de Ley, Yo el Notario,luego
de firmar, signar, sellar y rubricar, DOY FE,-----

FIRMADOS:- FELIX RODRIGUEZ  SERRANO.---------------
                 CARMEN ORTIZ ORTIZ------------------------

AL MARGEN SUS INICIALES:-------------------------

Firmado: signado, sellado, rubricar, JOSE M.SALICETI

61

Es copia fiel y exacta de su original que con el número que va por
cabeza obra en...............................te de instrumentos públicos, a
cual me remit.........................................de rentas internas y fo-
rense que debi.................................l y copia. Expido l.........
copias a solicit....................................a jo nota de su saca, co
fecha de su otorgamiento una vez hecho el cotejo. REPITO LA FE

Inscrito al folio 117.
tomo 222 adjunto
finca numero 2996
inscripción 35ª. se ha
Ha afecta a precio apla
zado para la suma de $5,000.00
y a lo que comprende este
documento. Ultimado a 12
de diciembre de 1978.
Sin Derechos         F. Zueral?
                        Registrador

Se hace constar que la finca
numero 3784 consta inscri
to al folio 283 tomo 162 Ajustos
inscripción 9 a y que se halla
afecto a hipoteca a favor
de Puerto Rico Production
credit Association por la
suma de $3,000 y a lo
que comprende este documento.
Ultimado a 12 de diciembre de 1978
Sin Derechos         exact?

Nota: Hip en P.R.
Se saldó deuda
en 2/1/80 ---

2/5/80 Jose Luis

62

Stamped:     Presented at entry no. 54
             Daily record book 214
             Time 9:40
             Date   September 20, 1985
             Utuado Property Registry

# ATTORNEY   JOSE   M.   SALICETI
### ATTORNEY-NOTARY
TELEPHONE 829-2640                    BOX   97
## ADJUNTAS, PUERTO RICO
@@@@@@@@@@@@@@@@@@@@

NO.   205

\*\*\*\* **D E E D**\*\*\*\*

OF

Reamortization of Mortgage Loan and Modification of Mortgage

### EXECUTED

**BY**:  Mister Félix Rodríguez Serrano and wife
         Mistress Carmen Ortiz Ortiz

**IN  FAVOR  OF**:   United States of America

On September 17, 1985

### \*\*\*\*COPY\*\*\*\*
                                    70.0 " cuerdas"
                                    2996

exempt

(stamped with the seal of the Puerto Rico Property Registry, Utuado section).

Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerlee*
PATRICIA BECKERLEE
Certified Court Interpreter / Translator
787-792-5224 / 787-399-7788

1

## NUMBER TWO HUNDRED FIVE

## REAMORTIZATION OF MORTGAGE LOAN

## AND MODIFICATION OF MORTGAGE

Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerleg*

PATRICIA BECKERLEG
Certified Court Interpreter / Translator
787-792-5224 / 787-399-7788

In Adjuntas, Puerto Rico, on the seventeenth (17th) day of the month of September of one thousand nine hundred eighty-five.------------------------------------------------------------

(Note: This page is stamped with the seal of the Attorney-Notary, José M. Saliceti and with that of the Property Registry of Puerto Rico, Utuado section).

## BEFORE ME

JOSE M. SALICETI, Notary Public on this Island, with residence, domicile and office open in the city of Adjuntas, Puerto Rico.

## APPEARING

ONE PARTY: As Mortgage Debtors, Mister Félix Rodríguez Serrano and his wife Mistress Carmen Ortiz Ortiz, of legal age, married to each other, property owners and residents of Adjuntas, Puerto Rico.

AND THE OTHER PARTY: As Mortgage Creditor, UNITED STATES OF AMERICA,

2

acting through the Administrator for the Farmer's Home Administration, in accordance to the provisions of the Act of Congress entitled Consolidated Farmer's Home Administration Act of 1961 with principal offices in Washington, District of Columbia, United States of America, represented in this case by Mister JOSE LUIS MALDONADO, of legal age, married, employee and resident of Adjuntas, Puerto Rico, in his capacity as Local Supervisor for the Farmer's Home Administration, Adjuntas office, Puerto Rico, whose capacity appears duly credited in the Property Registry.

--------------------------------I GIVE FAITH-------------------------------------------

Of personal knowledge of the ones appearing herein and on the basis of their statements with regard to their age, civil status, profession and domicile. They assure me of having and in my judgment, they have the necessary legal capacity for this execution, and as a result, freely and voluntarily:---------------------------------------------

----------------------------------------STATE----------------------------------------------

FIRST:   That the mortgage debtors  Mister Félix Rodríguez Serrano and his wife Mistress Carmen Ortiz Ortiz, are at the present time the owners of the following real estate property:-------------------------------------------------------------------------------

----Rural:   Property located in the Pellejas ward of the municipality of Adjuntas, Puerto Rico, comprised of SEVENTY "CUERDAS", equivalent to twenty-seven hectares, fifty-one ares, twenty-eight (28) centiares of land abutting, on the NORTH, with Carlos Pagán separated in part by a creek and a road, the Río de los Muertos (River of the Dead) which separates it from Pedro Vega, Juan Irizarry, Eloy Cardona; South, Domingo Cardona;  EAST, Julio Cedeño and Juan Cedeño separated by a road; West, Jorge Lucas Valdivieso, Eloy Cardona and Elías Méndez, separated by the Río de los Muertos (River of the Dead). It contains a dwelling house.-------------------------

3

Registered    on    page    one    hundred seventeen of book two hundred twenty-two

of Adjuntas, property number two thousand nine hundred ninety-six.------------------------

It is encumbered by a mortgage  in guaranty of a Promissory note in favor of the United

States of America for the sum of  SIXTY-SIX   THOUSAND   DOLLARS ($66,000.00)

with interest at the rate of  THREE   percent (3%) annually, with a principal and interest

payable in the installments which are stipulated in the same, as results from deed

number Four hundred eighty-seven, dated December eleven  of one thousand nine

hundred seventy-nine before Notary Public José M. Saliceti  and registered on page

one hundred seventeen  of book two hundred twenty-two of  Adjuntas, property number

two thousand nine hundred ninety-six , thirty-fifth registration.-----------------------------

SECOND: The mortgage debtors, Mister Félix Rodríguez Serrano and Mistress Carmen

Ortiz Ortiz  continue stating that for the purpose of reamortizing the mortgage debt, they

requested and obtained the consent of the mortgage creditor, United States of America,

acting by and through the Administrator for the Farmer's Home Administration in

conformity with the Act of Congress entitled Consolidated Farmers Home Administration

Act of 1961 and the regulation approved to the effect to reamortize the mortgage debt.

THIRD: The ones  appearing herein, Mister Félix Rodríguez Serrano and Mistress

Carmen Ortiz Ortiz, state that it is of their own and personal knowledge each and every

one of the obligations, clauses and stipulations contained or mentioned in the mortgage

4

deed, and in this act, in a clear, solemn and final manner, they bind themselves to fulfill

each and every one of said obligations, clauses and stipulations as required by the

Farmer's Home Administration (FmHA).----------------------------------------------------------

# REAMORTIZATION AND MODIFICATION OF PAYMENT OF PROMISSORY LOAN AND MORTGAGE

FOURTH: The one appearing herein, Mister José Luis Maldonado, in the capacity that

he bears, states, that since the mortgage debtors, Mister Félix Rodríguez Serrano and

Mistress Carmen Ortiz Ortiz, have been accepted to receive the benefits of the Act of

Congress entitled Consolidated Farmers Home Administration Act of 1961, as

amended, they have agreed to reamortize and modify the form of payment of the

installments consigned in the Promissory note and in the mortgage in the following form:

The total sum owed as of September seventeen of one thousand nine hundred eighty-

five, amounts to the sum of FIFTY-EIGHT THOUSAND EIGHT HUNDRED

SEVENTY-EIGHT DOLLARS AND FIFTY-TWO CENTS ($58,878.52) with interest at

the rate of three percent ( 3 %) and which shall be paid in the following form:-------------

The total sum owed as of September seventeen of one thousand nine hundred eighty-

five, amounts to the sum of Fifty-eight Thousand Eight Hundred Seventy-eight Dollars

and Fifty-two Cents ($58,878.52)--------------------------------------------------------------------

5

with interest at the rate of three (3%) percent and which shall be paid in the following manner:------------------------------------------------------------------------------------------------------------------------"The sum of this promissory note and the mortgage guaranteeing it, reamortized as of the seventeenth day of September of one thousand nine hundred eighty-five gave a debtor balance amounting to FIFTY-EIGHT THOUSAND EIGHT HUNDRED SEVENTY-EIGHT DOLLARS AND FIFTY-TWO CENTS----------- ($58,878.52)----------------------- with interest at the rate of five percent (5%) which shall accrue interest at the rate of five (5%) percent annually and which shall be paid in the following manner:-------------------- ----An installment of THREE HUNDRED DOLLARS ($300.00) beginning on January first of one thousand nine hundred eighty-six; An installment of Three Hundred Dollars ($300.00) on January first of one thousand nine hundred eighty-seven;---------------------- An installment of Five Hundred Dollars ($500.00) on January first of one thousand nine hundred eighty-eight;---------------------------------------------------------------- An installment of Two Thousand Nine Hundred Twenty-one Dollars ($2,921.00) on January first of one thousand nine hundred eighty-nine;------------------------------------- An installment of Two Thousand Nine Hundred Twenty-one Dollars ($2921.00) on January first of one thousand nine hundred ninety;------------------------------------------- An installment of THREE THOUSAND ONE HUNDRED FORTY-FOUR DOLLARS ($3,144.00) on January first of one thousand nine hundred ninety-one, and from there on, an installment of THREE THOUSAND NINE HUNDRED THIRTY-THREE DOLLARS ($3,933.00) on or before each subsequent January first, except the final payment of the total of the debt evidenced herein which shall be made on or before the seventeenth of September of one thousand, I say, of the year two thousand nineteen

6

(2,019), as results from deed number two hundred five dated September seventeen of one thousand nine hundred eighty-five before Notary José M. Saliceti.   I   GIVE FAITH.--------------------------------------------------------------------------------------

In Adjuntas, P.R., on September seventeen of one thousand nine hundred eighty-five.---

------------------------------------------------------------------------------------------------

------------------------------------------------------------------------------------------------

------------------------------------------------------------------------------------------------

------------------------------------------------------------------------------------------------

FIFTH: The one appearing herein, Mister José Luis Maldonado,  in the capacity that he bears, delivers to me, the Notary, the Promissory note guaranteed with the mortgage, which he assures me has not been negotiated or encumbered in any way whatsoever by its present holder and owner, United States of America and once identified by me, the Notary, making sure that we are dealing with the same promissory note, I proceed to place on the back side of the same the following note: -------------------------------------

"The sum of this Promissory note and the mortgage guaranteeing it, reamortized as of September seventeen  of one thousand nine hundred eighty-five, gave a debtor balance amounting to FIFTY-EIGHT THOUSAND  EIGHT HUNDRED SEVENTY-EIGHT  DOLLARS AND FIFTY-TWO CENTS ($58,878.52) with interest at the rate of five percent (5%) annually, and which shall be paid in the following manner:----------------

----An installment of Three hundred dollars ($300.00) beginning on January first of one thousand nine hundred eighty-six;-----------------------------------------------------------

An installment of Three hundred dollars ($300.00) on January first of one thousand nine hundred eighty-seven;-------------------------------------------------------------------

7

An installment of Five hundred dollars ($500.00) on January first of one thousand nine hundred eighty-eight;------------------------------------------------------------------

An installment of Two Thousand Nine Hundred Twenty-one dollars ($2,921.00) on January first of one thousand nine hundred eighty-nine;-----------------------------------------

An installment of Two Thousand Nine Hundred Twenty-one dollars ($2921.00) on January first of one thousand nine hundred ninety;-------------------------------------------

An installment of THREE THOUSAND ONE HUNDRED AND FORTY-FOUR DOLLARS ($3,144.00) on January first of one thousand nine hundred ninety-one;---------------------

And from there on, an installment of THREE THOUSAND NINE HUNDRED THIRTY-THREE DOLLARS ($3,933.00) on or before each subsequent January first, except the final payment of the total of the debt evidenced herein which shall be made on or before the seventeenth of September of the year two thousand nineteen (2,019), as results fom Deed Number Two Hundred Five dated September seventeen of one thousand nine hundred eighty-five, before Notary José M. Saliceti.--------------------------------------------

I GIVE FAITH.-------------------------------------------------------------------------------

In Adjuntas, Puerto Rico, on September seventeen of one thousand nine hundred eighty-five.---------------------------------------------------------------------------------------

Signed, with the Notary's mark put on it and paraphed: JOSE M. SALICETI."

Once the note has been placed and signed, I return it to the one appearing herein, Mister José Luis Maldonado, in the capacity that he bears.-------------------------------

SIXTH: The present reamortization is solely limited with regard to the property described above since the twelve " cuerda" property which is registered on page two hundred thirty-nine of book one hundred sixty-one of Adjuntas, property number three thousand seven hundred thirty-four, was sold with the consent of the Farmers Home

8

Administration and the release of its debt as mentioned in this deed  is already being endeavoured, reason why this reamortization is constituted over the seventy " cuerda" property.-------------------------------------------------------------------------------------------
-----------------------------------------ACCEPTANCE---------------------------------------------

The ones appearing herein, in the capacity they bear,  accept the present deed in the manner in which it is drafted due to finding it in conformity with what was agreed upon.

-------------------------------------Warnings-------------------------------------------------------

I, the Notary, stated to the parties the warnings of Law relevant to this act.------------------ That is how it is so stated and executed by the ones appearing before my presence and having READ this deed in its entirety by the ones appearing herein, with regard to its contents, they ratify themselves and sign the present deed in addition to stamping their initials on the margin of each page of this deed.---------------------------------------------------

In regard to all of which, as well as of having observed all the requirements of Law, I, the Notary, after signing, putting the Notary's mark on it, stamping and paraphing, GIVE FAITH.----------------------------------------------------------------------------------------------------------

(Note: This page is stamped with the seal of the Attorney-Notary, José M. Saliceti and with that of the Property Registry of Puerto Rico,  Utuado section).

Signed:        JOSE LUIS MALDONADO---------------------------------------------------------

               FELIX RODRIGUEZ SERRANO--------------------------------------------------

               CARMEN ORTIZ ORTIZ-------------------------------------------------------------

THEIR  INITIALS  ON  THE MARGIN:-------------------------------------------------------------

Signed: with the Notary's mark put on it, stamped, paraphed, JOSE  M. SALICETI.-------

9

(illegible)   appears in my current protocol of public instruments to which I make

reference.  There appear in a cancelled form on it the Internal Revenue stamps and the

Notarial fee one determined by the Law on its original and copy.  I issue ONE copy at

the request of interested party, leaving note of its removal, with the date of its execution,

once it has been checked.  I REPEAT THE FAITH.


(signed)
JOSE M. SALICETI
Notary Public


(Note: This page is stamped with the seal of the Attorney-Notary, José M. Saliceti and

with that of the Property Registry of Puerto Rico, Utuado section. It also has a $1.00

Notarial fee stamp from the Puerto Rico Bar Association cancelled and attached to it,

number 691602).


Handwritten note:

Registered on the backside of page 118 of book 222 of Adjuntas, property #2,996, 37th

registration. Encumbered by two mortgages in favor of the U.S.A., for the sums of

$66,000.00 and $2,362.18.

Utuado, on September 27, 1985.

Without fees.

Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerleg*
PATRICIA BECKERLEG
Certified Court Interpreter / Translator
787-792-5224 / 787-399-7788

(signed)
Doris M. de Figueroa  (DMF-initials) – Registrar

José M. Saliceti.--------------------------------------------------

I GIVE FAITH.----------------------------------------------------------------

In Adjuntas, Puerto Rico, on September seventeen  of one thousand nine hundred

eighty-five.-------------------------------------------------------------------------

Signed,  with the Notary's mark put on it and paraphed: JOSE M. SALICETI."

Once the note has been placed and signed, I return it to the one appearing herein,

Mister  José Luis Maldonado, in the capacity that he bears.-----------------------------

SIXTH:   The  present  reamortization  is  solely  limited   with  regard  to  the  property

described above since the twelve " cuerda" property which is registered on page two

hundred thirty-nine  of book one hundred sixty-one of Adjuntas, property number three

thousand seven hundred thirty-four, was sold with the consent of the Farmers Home

Administration and the release of its debt as mentioned in this deed  is already being

endeavoured, reason why this reamortization is constituted over the seventy " cuerda"

property.----------------------------------------------------------------

--------------------------------ACCEPTANCE-------------------------------------

The ones appearing herein, in the capacity they bear,  accept the present deed in the

manner in which it is drafted due to finding it in conformity with what was agreed upon.

----------------------------------Warnings------------------------------------------

I, the Notary, stated to the parties the warnings of Law relevant to this act.----------------

That is how it is so stated and executed by the ones appearing before my presence and

having READ this deed in its entirety by the ones appearing herein, with regard to its

contents, they ratify themselves and sign the present deed in addition to stamping their

initials on the margin of each page of this deed.----------------------

Administrative Office of the
United States Courts
CERTIFIED TRANSLATION
I certify that the foregoing is a true and
faithful translation of its original.

*Patricia Beckerleg*
PATRICIA BECKERLEG
Certified Court Interpreter / Translator
787-792-5224 / 787-399-7788

Presen... al As. _54_
Diario _7.14_
Hora _9:40_
Fecha _20-Sept-1985_
Registro de Utuado

# LCDO. JOSE M. SALICETI

## ABOGADO-NOTARIO

TELEFONO 829-2640          APARTADO 97

## ADJUNTAS, PUERTO RICO

NUM._____ 205

# -:- ESCRITURA -:-

## DE

Reamortización de  Préstamo Hipotecario

y Modificación de  Hipoteca

## OTORGADA

POR ___ Don  Félix Rodríguez Serrano y esposa doña
Carmen Ortiz Ortiz

A FAVOR DE ___ Estados Unidos de  América

EN ____ 17 ____ DE __septiembre____ DE 19 _85_

# -:- COPIA -:-

exenta                           70.0 col
                                 2996

-------------NUMERO      DOSCIENTOS   CINCO.---------

_____REAMORTIZACION DE   PRESTAMO HIPOTECARIO--

------------Y   MODIFICACION DE    HIPOTECA.---------

En Adjuntas, Puerto   Rico a  diez y siete de sep-

tiembre de mil novecientos ochenta y cinco.-------

-------------------------ANTE MI-----------------------

JOSE M. SALICETI-A Abogado y  Notario Público en

esta Isla, con estudio, vecindad  y bufete ----

abierto en    Adjuntas, Puerto  Rico.------------

-------------------Comparecen--------------------

DE UNA PARTE:como Deudores hipotecarios: don-----

Félix Rodríguez Serrano y su esposa doña  Carmen

Ortiz Ortiz, mayores de edad,casados entre ----

sí, propietarios y vecinos de  Adjuntas,Puerto -

Rico.-------------------------------------------

Y DE Otra Parte:como Acreedor Hipotecario:-----

Estados Unidos de  América , actuando por conduc

to y a través del Administrador de la Adminis--

tración de  Hogares de  Agricultores,a tenor---

con las disposiciones  de la Ley del Congreso de

nominada "Consolidated  Farmers  Home  Admministra

tion  Act of 1961",con oficinas principales-----

en Washington, Distrito de  Columbia,Estados ---

Unidos de  América, representada en este acto---

por don JOSE  LUIS MALDONADO, mayor de edad, --

casado  , empleado y vecino de   Adjuntas,------

Puerto  Rico, en su carácter de   Supervisor --

Local de la  Administración de  Hogares de-----

Agricultores  ,Oficina de  Adjuntas,Puerto ----

Rico, cuyo carácter  consta  debidamente-----

acreditado en el Registro de la Propiedad.------

---------------------FE-----------------------

Doy del conocimiento personal de los comparecien

tes y por sus dichos de sus circunstancias ---

personales. Me aseguran tener  y a mi juicio--

tienen la capacidad  legal necesaria para este-

acto de  otorgamiento de  escritura y en su ----

virtud libre y voluntariamente;------------------
------------------Exponen------------------------
Primero:- Que  los deudores hipotecarios----
don Félix Rodríguez Serrano y su esposa doña --
Carmen Ortiz Ortiz, son actualmente dueños-----
del siguiente bien inmueble:------------------
---Rústica: Finca radicada en el Barrio Pellejas
del término municipal de Adjuntas,Puerto Rico---
compuesta de SETENTA  CUERDAS, equivalentes
a veintisiete hectáreas, cincuenta y una áreas,--
veintiocho (28( centiáreas de terrenos en lindes
al NORTE, con Carlos Pagán separado en parte
por una quebrada y un camino,el Río de Los Muertos
que lo separa de Pedro Vega,Juan Irizarry,Eloy --
Cardona;Sur, Domingo Cardona ;ESTE,JUlio Cedeño----
y  Juan Cedeño  separados por un camino ;Oeste,
Jorge Lucas Valdivieso,Eloy Cardona  y Elías
Méndez,separado por el Río de Los Muertos.Contiene
una casa de vivienda.------------------------

Inscrita al folio ciento diecisiete del tomo-----
doscientos veintidos de Adjuntas, finca número;
dos mil novecientos noventa yseis.--------------

Se halla afecta a una hipoteca en garantía
de un  pagaré  a  favor  de Estados Unidos --
de América ,por la suma de  SESENTA Y SEISMIL
DOLARES ($66,000.00) , con intereses  a razón
del    tres por ciento ( 3%) anual,pagadero ----
principal e intereses  en los plazos que en
el mismo se estipulan ,según resulta de la escritura
número Cuatrocientos ochenta y siete de fecha
once de diciembre de mil novecientos setenta --
y nueve ,ante el Notario José  M.Saliceti-------
e inscrita al folio ciento diez y siete-----
del tomo doscientos veintidos de Adjuntas,finca
npúmero  dos mil novecientos noventa y seis---
inscripción trigesima quinta.------------------
SEGUNDO: Siguen manifestando los deudores hipoteca
rios  don Félix Rodríguez Serrano y doña Carmen---
Ortiz Ortiz, que con el fin de reamortizar  la
deuda hipotecaria , solicitaron y obtuvieron
el consentimiento del acreedor hipotecario,----
Estados Unidos de América actuando por conducto
y a través del Administrador de la Administra-
ción de Hogares de Agricultores  de conformidad
con la Ley del Congreso titulado.  "Consolidated
Farmers Home Administration Act of 1961"-----
y el reglamento aprobado al efecto para reamorti
zar la deuda hipotecaria .----------------------

TERCERO:   Manifiestan los comparecientes don ----
Félix Rodríguez Serrano y doña Carmen Ortiz
Ortiz que son de su propio y personal conocimiento
todas y cada una de las obligaciones ,cláusulas
y estipulaciones contenidas o mencionadas ----
en la escritura de hipopteca, y en este  acto--
y en forma clara  , solemne y terminantemente--
, se obligan a cumplir todas y cada una de
dichas obligaciones , cláusulas y estipulacio
nes contenidas ,digo, requeridas por la Administra
ción de Hogares de Agricultores (FmHA).---------
------REANMORTIZACION Y MODIFICACION DE  PAGO--

------------- DE PAGARE E HIPOTECA.----------
-Cuarto: Manifiesta el compareciente don José --
Luis Maldonado ,en el carácter que ostenta,---
que habiendo sido aceptados los deudores hipo--
tecarios don Félix Rodríguez Serrano y doña
Carmen Ortiz Ortiz, para recibir los beneficios--
de la Ley del Congreso "Consolidated Farmers--
Home Administration Act of 1961" ,según enmenda
da, ha convenido en reamortizar  y modificar---
la forma de pago de los plazos consignados----
en el pagaré y enla hipoteca en la siguiente --
forma:-------------------------------------------
El importe total adeudado al  diez y siete
de  septiembre  de  mil novecientos ------
ochenta y cinco , asciende   a la suma de-----
l Cincuenta y Ocho Mil Ochocientos  setenta y ohho
dólares con cincuenta y dos centavos--------
($ 58,378.52)----------------------------------

con intereses a razón del tres ( 3) por ciento
y la cual habrá de ser pagada  en la siguiente
forma:-------------------------------------------
---."El importe de este pa garé y la hipoteca
que lo garantiza, reamortizado al día  diez y siete
de septiembre de mil novecientos ochenta y cinco
dió un saldo montante  CINCUENTA Y OCHO MIL OCHO-
CIENTOS SETENTA Y OCHO DOLARES CINCUENTA Y DOS---
CENTAVOS ----------($ 58,378.52)--------------

con intereses      a razón del cinco por ciento
( 5%)  anual   el cual devengará  intereses a--
razón del  cinco por ciento  (5%) anual---------
y el cual habrá de  ser  pagado en la siguiente-
forma:------------------------------------------

---Un plazo de  TRESCIENTOS DOLARES ($300.00)----
comenzando en enero primero  de mil novecientos
ochenta y seis;Un plazo de  Trescientos dólares-
($300.00)  en enero primero de mil novecientos--
ochenta y siete;-------------------------------
Un plazo de  Quinientos dólres ($500.00) en enero-
de mil novecientos ochenta y ocho;--------------
un plazo de  Dos Mil Novecientos  veintiun dólares
($ 2,921.00) en enero  primero de mil novecientos
ochenta y nueve;--------------------------------
Un plazo de  Dos Mil  Novecientos  veintiun dólares
($ 2921.00)  en enero  primero de mil novecientos
noventa;----------------------------------------
Un plazo de  TRES MIL  CIENTO CUARENTA Y CUATRO--
DÓLARES ($ 3144.00)  en enero  primero de mil ---
novecientos noventa y uno , y de allí en adelante
un plazo de  TRES MIL NOVECIENTOS  TREINTA Y TRES-
DÓLARES ($ 3,933.00)  en o antes de  cada enero pri
mero; subsiguiente  , excepto el pago final del
total de la deuda aquí evidenciada que se hará en-
o antesa del  diez y siete de  septiembre de(mil--1
digo  del año dos mil  diecinueve ( 2,019),-------
según resulta de la escritura número doscientos-
cinco de  fecha diecisiete de septiembre de---
mil novecientos ochenta y cinco ante el Notario-
José M.saliceli. DOY FE.-----------------------
En Adjuntas,P.R.,  a  diez y siete de septiembre
de mil novecientos ochenta y cinco.-------------



Quinto: El compareciente don José Luis Maldonado-
en el carácter que ostenta, me entrega a mí
el Notario , el pagaré garantizado con la hipoteca,
quien me asegura no ha sido negociado ni gravado-
en forma alguna por su actual tenedor y poseedor
Estados Unidos de América y una vez identificado
por mí, el Notario, cerciorándome que se trata
del mismo pagaré procedo a poner al dorso
del mismo la siguiente nota:---------------------
----"El importe de este pagaré y la hipoteca que
lo garantiza, reamortizado al diez y siete
de septiembre de mil novecientos ochenta
y cinco dió un saldo deudor montante------
a
Cincuenta y ocho Mil Ochocientos setenta y
ocho dolares cincuenta y dos centavos -------
----($ 58,878.52)-------------------------------
con intereses a razón del cinco por ciento----
anual, y la cual habrá de ser pagado en la---
siguiente forma:--------------------------------

---Un plazo de Trescientos dólares ($300.00)----
comenzando en enero primero de mil novecientos --
ochenta y seis;--------------------------------
Un plazo de Trescientos dólares ($300.00)-------
en enero primero de mil novecientos ochenta y siete;
Un plazo de Quinientos Jólares ($500.00) en enero-
primero de mil novecientos ocehtna y ocho;------
Un plazo de Dos Mil Novecietnos veintiun dólares
($ 2,921.00) en enero primero de mil novecientos
ochenta y nueve;-------------------------------
un plazo de Dos Mil Novecientos veintiun dolares
($ 2921.00) en enero primero de mil novecientos
noventa;---------------------------------------
Un plazo de TRES MIL CIENTO CUARENTA Y CUATRO DO
LARES ($ 3,144.00) en enero primero de mil----
novecientos noventa y uno;---------------------
y de alli en adelante un plazo de TRES MIL--
NOVECIENTOS TEINTA Y TRES DOLARES ($ 3.933.00)--
en o antes de cada enero primero subsiguiente,excepto
el pago final del total de la deuda aquí evidencia
da que se hará en o antes del diez y siete de septiembre
del año dos mil diecinueve ( 2,019),según resulta
de la Escritura Número Doscientos cinco---------
de fecha diez y siete de septiembre de mil-----
novecientos ochenta y cinco, ante el Notario--

De todo lo cual, así como de haber observado---
todos los requisitos de Ley, Yo el Notario----
luegp de firmar, signar, sellar y rubricar----
Doy FE.-------------------------------------------

Firmados: JOSE LUIS MALDONADO.--------------------
          FELIX RODRIGUEZ SERRANO----------------
          CARMEN ORTIZ ORTIZ----------------------

AL MARGEN SUS INICIALES:-----------------------------

Firmado: signado, sellado,rubricado, JOSE
M. SALICETI--------------------------------------------

Exhibit 4

# TITLE SEARCH

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 · FAX (787) 748-1143
estudios@eagletitlepr.com

**CLIENT:** CARMEN ORTIZ ORTIZ

**REF:** 1521.259
**BY:** TAIMARY ESCALONA

**PROPERTY NUMBER:** 2,996, recorded at page 182 of volume 66 of Adjuntas, Registry of the Property of Puerto Rico, section of Utuado.

**DESCRIPTION: (As it is recorded in the Spanish language)**

Finca radicada en el barrio Pellejas del término municipal de Adjuntas, compuesta de **setenta cuerdas equivalentes a veintisiete hectáreas, cincuenta y una áreas, veintiocho centiáreas de terreno**, en lindes por el **NORTE**, con Carlos Pagán, separado en parte por una quebrada y un camino; el río de los Muertos que separa de Pedro Vega; Juan Rivera y Eloy Cardona; **SUR**, Domingo Cardona; **ESTE**, Julio Cedeño y Juan Cedeño separados por un camino; **OESTE**, con Jorge Lucas Valdivieso, Eloy Cardona y Elías Méndez separados por el Río Los Muertos. Contiene casa de vivienda.

**ORIGIN: Judicial Declaration**

**TITLE:**

This property is registered as follows:

A half of the property in favor of CARMEN ORTIZ ORTIZ, widow, being married to Félix Rodríguez Serrano, who acquired it by purchase from Leoncio Pacheco Vázquez and his wife Saturnina Medina, at a price of $50,000.00, pursuant to deed #486, executed in Adjuntas, Puerto Rico, on December 11, 1979, before José M. Saliceti Notary Public, recorded at page 238 of volume 175 of Adjuntas, property number 2,996, 34th inscription.
**Presented on December 12, 1979**
**Recorded on December 12, 1979**

Other half of the property in favor of FÉLIX RICARDO; ISAAC; FRANCISCO; SILVESTRE WALDEMAR and CASILDA RODRÍGUEZ ORTIZ, acquired by inheritance of the deceased Félix Rodríguez Serrano, to the widow fee in favor of Carmen Ortiz Ortiz, with value of $10,000.00, Sentence issued May 9, 1988, in Superior Court of Puerto Rico, Court Room of Utuado, civil case #CS88-424, recorded at overleaf of page 119 of volume 222 of Adjuntas, property number 2,996, 38th inscription.
**Presented on February 22, 1989**
**Recorded on February 24, 1989**

**LIENS AND ENCUMBRANCES:**

I.   By reason of its origin this property is free of liens and encumbrances

II.  By reason of itself this property is encumbered by the following:

1.   **MORTGAGE:** Constituted by Heriberto Colón and his wife Rosa González, in favor of The Federal Land Bank of Baltimore, in the original principal amount of $4,000.00, with 6% annual interests, due on February 1, 1986, constituted by deed #161, executed in Utuado, Puerto Rico, on July 7, 1966, before Luis Pérez Matos Notary Public, recorded at overleaf of page 233 of volume 175 of Adjuntas, property number 2,996, 27th inscription.
**Presented on July 7, 1966**
**Recorded on July 21, 1996**

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.

Eagle Title & Other Services, Inc.

PAGE #2
PROPERTY #2,996

ESTUDIOS DE TITULO
SEGUROS DE TITULO

P.O. BOX 1467, TRUJILLO ALTO, P.R. 00977-1467
TELS. (787) 748.1130 / 748-8577 • FAX. (787) 748-1143
estudios@eagletitlepr.com

2.  **MORTGAGE:** Constituted by Heriberto Colón and his wife Rosa González, in favor of Bearer, in the original principal amount of $785.00, with 6% annual interests, due on presentation, constituted by deed #162, executed in Utuado, Puerto Rico, on July 7, 1966, before Luis Pérez Matos Notary Public, recorded at overleaf of page 234 of volume 175 of Adjuntas, property number 2,996, 28th inscription.
    **Presented on July 11, 1966**
    **Recorded on July 26, 1966**

3.  **MORTGAGE:** Constituted by Félix Rodríguez Serrano and his wife Carmen Ortiz Ortiz, over this and other properties, in favor of United States of America acting as Farmer Home Administration, in the original principal amount of $66,000.00, with 3% annual interests, due on 40 years, constituted by deed #487, executed in Adjuntas, Puerto Rico, on December 11, 1979, before José M. Saliceti Notary Public, recorded at overleaf of page 238 of volume 175 of Adjuntas, property number 2,996, 35th inscription.
    **It is not distributed the responsibility of mortgage.**
    **Presented on December 12, 1979**
    **Recorded on December 12, 1979**

4.  **MORTGAGE:** Constituted by Félix Rodríguez Serrano and his wife Carmen Ortiz Ortiz, in favor of United States of America acting as Farmer Home Administration, in the original principal amount of $2,362.18, with 6% annual interests, due on 7 years, constituted by deed #204, executed in Adjuntas, Puerto Rico, on September 17, 1985, before José M. Saliceti Notary Public, recorded at overleaf of page 117 of volume 222 of Adjuntas, property number 2,996, 36th inscription.
    **Presented on September 20, 1985**
    **Recorded on September 26, 1985**

5.  Reamortized and modified the mortgage in the amount of $66,000.00. The amount due at September 17, 1985, ascends to $58,878.52, with 5% annual interests, due on September 17, 2019, constituted by deed #205, executed in Adjuntas, Puerto Rico, on September 17, 1985, before José M. Saliceti Notary Public, recorded at overleaf of page 118 of 222 of Adjuntas, property number 2,996, 37th inscription.
    **Presented on September 20, 1985**
    **Recorded on September 27, 1985**

**REVIEWED:**

Federal Attachments, Commonwealth of Puerto Rico Tax Liens, Judgments and Daily Log up to January 23th, 2020.

*NOTICE: The Sections of the Property Registry have been computerized by the new system identified as Karibe, through which the historical volumes containing the data related to the inscribed properties and with the documents presented and pending registration were digitized. Since April 25, 2016, the Department of Justice discontinued the Tool-Kit and Agora System in most of the Sections of the Registry, which was used to search for documents submitted and pending registration and preparation of title search and other documents. There is also a delay in the entry of information to the System to this date. In addition to this, the Federal and State Seizures are now entered and electronically provided by the Central Office of the Land Registry in the Department of Justice, without being able to corroborate the control books and with many errors which makes the location impossible. We are not responsible for errors that may result in this title search due to errors and/or omissions of the Registry and/or its employees, when entering the data in the system.*

*EAGLE TITLE AND OTHER SERVICES, INC.*

_____
*Authorized signature*

mcr/dm/**F**

Este documento NO es una póliza de Seguro de Título, por lo cual no debe utilizarse como tal. La responsabilidad de la entidad que preparó este Estudio de Título, está limitada a la cantidad pagada por la preparación de dicho Estudio de Título. Para completa protección deben requerir una póliza de Seguro de Título.



Eagle Title & Other Services, Inc.

I, Elías Díaz Bermúdez, of legal age, single and neighbor of San Juan, Puerto Rico, under solemn oath declare:

1. That my name and personal circumstances are the above mentioned.

2. That on January 23th, 2020, I examined the books and files of The Property Registry of Puerto Rico and prepared the attached title study which makes part of this affidavit.

3. That the attached title study correctly represents in all its parts the status of the above described property in The Property Registry of Puerto Rico.

I, the undersigned, hereby swear that the facts herein stated are true.

In Guaynabo, Puerto Rico, this 23th day of November of 2020.

_____
Elías Díaz Bermúdez

AFFIDAVIT NUMBER 4,387

Sworn and subscribed to before me by Elías Díaz Bermúdez of the aforementioned personal circumstances, whom I personally know.

In Guaynabo, Puerto Rico, this 23th day of November of 2020.

NOTARY PUBLIC

ESTADO LIBRE ASOCIADO DE      TO RICO
DEPARTAMENTO DE SALUD
DIVISION DE REGISTRO DEMOGRAFICO Y ESTADISTICAS VITALES

COM    WEALTH OF PUERTO RICO
DEPARTMENT OF HEALTH
DIVISION OF DEMOGRAPHIC REGISTRY AND VITAL STATISTICS

## CERTIFICADO DE ACTA DE DEFUNCION
### Certificate of Death Registration

Certifico que en la Sección de Defunciones del
Registro a mi cargo aparece la siguiente inscripción:

*I certify that in the Section of Deaths of the Registry
under my custody the following death is registered:*

| | | |
|---|---|---|
| Libro Núm. *Volume No.* 42 | Folio Núm. *Folio No.* 00 | Acta Núm. *Certificate* 239 |

Municipio donde ocurrió la defunción:
*Municipality where death occurred*   Ponce, P.R.

Fecha de Inscripción:
*Date of Registration*

Día (day) 9    mes (month) abril    año (year) 1986

Fecha de defunción:
*Date of Death*

Día (day) 9    mes (month) abril    año (year) 1986

Nombre del Fallecido:
*Name of Deceased*   Félix Rodríguez Serrano

Sexo *(sex):* ☒ Varón *(male)*   ☐ Hembra *(female)*   Edad: *(Age)* 56

Estado Civil:
*Civil Status*   ☐ Soltero / Single   ☒ Casado / Married   ☐ Viudo / Widowed   ☐ Divorciado / Divorced

Natural de: Adjuntas, P.R.   Estado o País (State or Country)

Si casado, viudo o divorciado, nombre del cónyuge:
*If married, widowed, divorced, name of spouse*   Carmen Ortiz

Nombre del padre
*Name of Father*   Joaquin Rodríguez

Natural de: Adjuntas, P.R.
*Birthplace*   Estado o País (State or Country)

Nombre de la Madre:
*Name of Mother*   Ramona Serrano

Natural de: Adjuntas, P.R.
*Birthplace*   Estado o País (State or Country)

Causa de la Muerte:
*Cause of Death*   Hypertensive Crisis

Médico que Certifica:
*Attending Physician*   Dr. Andrés M. Delaney

Si Veterano, Número de Serie:
*If Veteran Serial Number*

Número del Seguro Social:
*Social Security Number*   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

## DATOS SOBRE EL SOLICITANTE
*Information on Applicant*

Solicitante:
*Applicant*   Carmen Ortíz Ortíz

Si veterano, licenciamiento honorario Núm.
*If veteran, honorable discharge Number*

Dirección:
*Address*   HC box 6906 Barrio Pellejas   Adjuntas, P.R.

RECEIVED
USDA-FSA
MAY 6 '05

Si para uso oficial de una Agencia del Gobierno Estatal o Federal:
*If for official use of an agency of the Commonwealth of Puerto Rico or Federal Government*

Nombre de la Agencia:
*Name of Agency*

Dirección:
*Address*

### ADVERTENCIA

Este certificado no será válido si en el mismo no se ha estampado el sello oficial del Registro Demográfico correspondiente. También se requiere la cancelación de un sello de rentas internas de 50c, según exige la ley, excepto en aquellos casos en que el certificado se expide para uso exclusivo de un veterano o de una agencia de gobierno del Estado Libre Asociado de Puerto Rico o de los Estados Unidos de América. LA MERA POSESION DE ESTE DOCUMENTO NO DEBE CONSTITUIR BASE PARA IDENTIFICAR AL PORTADOR COMO PARIENTE DE LA PERSONA FALLECIDA A QUIEN CORRESPONDE LA INSCRIPCION.

### WARNING

*This certificate is void if the official seal of the corresponding Demographic Registry Office has not been stamped hereon. Also, a 50c, internal revenue stamp is required by law to be cancelled hereon, unless this certificate is issued for the exclusive use of a veteran or for the official use of any Agency of the Commonwealth of Puerto Rico or of the Federal Government of United States. THE MERE POSSESSION OF THIS DOCUMENT DOES NOT CONSTITUTE EVIDENCE FOR IDENTFYING THE BEARER AS A RELATIVE OF THE DECEASED TO WHOM THE REGISTRATION REFERS.*

ESTE CERTIFICADO NO SERA VALIDO SI EN EL MISMO APARECEN TACHADURAS, BORRADURAS O ALTERACIONES

*This certificate is void if there are any alterations or erasures on same.*

Fecha de Expedición:
*Date of Issue*   Junio 24 1986

Municipio de:
*Municipality of*   Ponce,   Puerto Rico

Encargado del Registro
*Registrar*

Firma
*Signature*

Mildred Colón García      mcr
Nombre en maquinilla o letra de molde
*Typed Name*

J. 0-04202—80.000—20—IGPR.

Exhibit 6

## UNITED STATES DEPARTMENT OF AGRICULTURE
## FARM SERVICE AGENCY

654 Muñoz Rivera Avenue

654 Plaza Suite #829

San Juan, PR 00918

Borrower:     Rodriguez Serrano, Felix          Case No:     63-035-5373

### *CERTIFICATION OF INDEBTEDNESS*

I, Carlos J. Morales Lugo, of legal age, single, a resident of San Juan, Puerto Rico, in my official capacity as
Loan Resolution Task Force Contractor of the *Farm Service Agency*, United States Department of Agriculture (USDA), state that:

- The borrower's indebtedness is as shown in the following Statement of Account, according
  to information obtained from all available records at the USDA-Farm Service Agency:

### Statement of Account as of          October 15, 2020

| Loan Number | 41-03 |
|---|---|
| Note Amount | $          66,000.00 |
| Original Note Date | 12/11/1979 |
| Date of Last Payment | 05/25/2009 Offset |
| Principal Balance | $          53,705.32 |
| Unpaid Interest | $          70,617.92 |
| Misc. Charges | $          - |
| Total Balance | $          124,323.24 |
| Daily Interest Accrual | $          7.1730 |
| Amount Delinquent | $          124,323.24 |
| Years Delinquent | Fully matured |

- The information in the above Statement of Account in affiant's opinion is a true and correct statement
  of the aforementioned account and to this date remains due and unpaid.

- The defendant is neither a minor, nor incompetent, nor in the military service of the
  United States of America.

- The above information is true and correct to the best of my knowledge and belief, and is made under
  penalty of perjury as allowed by 28 U.S.C. 1746.

*Carlos J. Morales*

Digitally signed by CARLOS MORALES (Affiliate)
DN: c=US, o=U.S. Government, ou=Department of
Agriculture,
0.9.2342.19200300.100.1.1=12001003816118,
cn=CARLOS MORALES (Affiliate)
Date: 2020.10.15 11:21:09 -04'00'
Adobe Acrobat version: 2020.012.20048

Carlos J. Morales Lugo
LRTF Contractor
October 15, 2020



Exhibit 7

### Status Report
### Pursuant to Servicemembers Civil Relief Act

| | |
|---|---|
| SSN: | XXX-XX-8096 |
| Birth Date: | |
| Last Name: | ORTIZ ORTIZ |
| First Name: | CARMEN |
| Middle Name: | |
| Status As Of: | Oct-13-2020 |
| Certificate ID: | GMWFDKS8FDYJ6FY |

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA  93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 3901 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q35) via this URL: https://scra.dmdc.osd.mil/scra/#/faqs. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 3921(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods.  Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | | |
|---|---|---|
| United States of America, acting through the United States Department of Agriculture | ) ) ) ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| CARMEN ORTIZ ORTIZ, et als. | ) ) | FORECLOSURE OF MORTGAGE |
| | ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  CARMEN ORTIZ ORTIZ
Rd. 435 Km 1.7 Int.
San Sebastián, PR 00685

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> JUAN CARLOS FORTUÑO FAS
> P.O. BOX 3908
> GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0_____ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| United States of America, acting through the United States Department of Agriculture | ) ) ) ) |
|---|---|
| *Plaintiff(s)* | ) |
| v. | ) |
| CARMEN ORTIZ ORTIZ, et als. | ) |
| *Defendant(s)* | ) ) ) ) |

Civil Action No.

FORECLOSURE OF MORTGAGE

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  CASILDA RODRIGUEZ ORTIZ
Rd. 435 Km 1.7 Int.
San Sebastián, PR 00685

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____        _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $    0    .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

### District of Puerto Rico

| | |
|---|---|
| United States of America,<br>acting through the<br>United States Department of Agriculture<br><br>_____<br>*Plaintiff(s)*<br>v.<br>CARMEN ORTIZ ORTIZ, et als.<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

FORECLOSURE OF MORTGAGE

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   FELIX RICARDO RODRIGUEZ ORTIZ
Rd. 435 Km 1.7 Int.
San Sebastián, PR 00685

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____        _____
                                                                  *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $      0      .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | | |
|---|---|---|
| United States of America,<br>acting through the<br>United States Department of Agriculture | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| CARMEN ORTIZ ORTIZ, et als. | ) | FORECLOSURE OF MORTGAGE |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   FRANCISCO RODRIGUEZ ORTIZ
Rd. 435 Km 1.7 Int.
San Sebastián, PR 00685

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $          0          .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| United States of America, acting through the United States Department of Agriculture | ) ) ) ) |  |
|---|---|---|
| *Plaintiff(s)* | ) ) | Civil Action No. |
| v. | ) | |
| CARMEN ORTIZ ORTIZ, et als. | ) ) | FORECLOSURE OF MORTGAGE |
| *Defendant(s)* | ) ) ) ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  ISAAC RODRIGUEZ ORTIZ
Rd. 435 Km 1.7 Int.
San Sebastián, PR 00685

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Puerto Rico

| | | |
|---|---|---|
| United States of America, acting through the United States Department of Agriculture | ) ) ) ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| CARMEN ORTIZ ORTIZ, et als. | ) | **FORECLOSURE OF MORTGAGE** |
| | ) ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*   SILVESTRE WALDEMAR RODRIGUEZ ORTIZ
Rd. 435 Km 1.7 Int.
San Sebastián, PR 00685

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

JUAN CARLOS FORTUÑO FAS
P.O. BOX 3908
GUAYNABO PR 00970

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*MARIA ANTONGIORGI-JORDAN, ESQ.*
*CLERK OF COURT*

Date: _____          _____
                                                                *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

## DISTRICT OF PUERTO RICO

## CATEGORY SHEET

**You must accompany your complaint with this Category Sheet, and the Civil Cover Sheet (JS-44).**

Attorney Name (Last, First, MI):     Fortuño, Juan Carlos

USDC-PR Bar Number:     211913

Email Address:     jcfortuno@fortuno-law.com

1.     Title (caption) of the Case (provide only the names of the <u>first</u> party on <u>each</u> side):

   Plaintiff:     UNITED STATES OF AMERICA, acting through the USDA

   Defendant:     CARMEN ORTIZ ORTIZ; ET ALS.

2.     Indicate the category to which this case belongs:

   ☒ Ordinary Civil Case

   ☐ Social Security

   ☐ Banking

   ☐ Injunction

3.     Indicate the title and number of related cases (if any).

   N/A

4.     Has a prior action between the same parties and based on the same claim ever been filed before this Court?

   ☐ Yes
   ☒ No

5.     Is this case required to be heard and determined by a district court of three judges pursuant to 28 U.S.C. § 2284?

   ☐ Yes
   ☒ No

6.     Does this case question the constitutionality of a state statute?  (See, Fed.R.Civ. P. 24)

   ☐ Yes
   ☒ No

Date Submitted:     November 24, 2020

rev. Dec. 2009

Print Form          Reset Form

*1521.259*

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | CARMEN ORTIZ ORTIZ , et als. |
| **(b)** County of Residence of First Listed Plaintiff _____ <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Adjuntas, P.R. <br> *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF <br>      THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* <br> Juan C. Fortuño Fas <br> Po Box 3908, Guaynabo, PR 00970 <br> Tel. 787-751-5290 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government <br>      Plaintiff

☐ 2   U.S. Government <br>      Defendant

☐ 3   Federal Question <br>      *(U.S. Government Not a Party)*

☐ 4   Diversity <br>      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place <br> of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place <br> of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a <br> Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment <br>    & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted <br>    Student Loans <br>    (Excludes Veterans) <br> ☐ 153 Recovery of Overpayment <br>    of Veteran's Benefits <br> ☐ 160 Stockholders' Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product <br>    Liability <br> ☐ 320 Assault, Libel & <br>    Slander <br> ☐ 330 Federal Employers' <br>    Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product <br>    Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle <br>    Product Liability <br> ☐ 360 Other Personal <br>    Injury <br> ☐ 362 Personal Injury - <br>    Medical Malpractice | **PERSONAL INJURY** <br> ☐ 365 Personal Injury - <br>    Product Liability <br> ☐ 367 Health Care/ <br>    Pharmaceutical <br>    Personal Injury <br>    Product Liability <br> ☐ 368 Asbestos Personal <br>    Injury Product <br>    Liability <br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal <br>    Property Damage <br> ☐ 385 Property Damage <br>    Product Liability | ☐ 625 Drug Related Seizure <br>    of Property 21 USC 881 <br> ☐ 690 Other <br><br> **LABOR** <br> ☐ 710 Fair Labor Standards <br>    Act <br> ☐ 720 Labor/Management <br>    Relations <br> ☐ 740 Railway Labor Act <br> ☐ 751 Family and Medical <br>    Leave Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Employee Retirement <br>    Income Security Act | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal <br>    28 USC 157 <br><br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 835 Patent - Abbreviated <br>    New Drug Application <br> ☐ 840 Trademark <br><br> **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) | ☐ 375 False Claims Act <br> ☐ 376 Qui Tam (31 USC <br>    3729(a)) <br> ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and <br>    Corrupt Organizations <br> ☐ 480 Consumer Credit <br> ☐ 485 Telephone Consumer <br>    Protection Act <br> ☐ 490 Cable/Sat TV <br> ☐ 850 Securities/Commodities/ <br>    Exchange <br> ☐ 890 Other Statutory Actions <br> ☐ 891 Agricultural Acts <br> ☐ 893 Environmental Matters <br> ☐ 895 Freedom of Information <br>    Act <br> ☐ 896 Arbitration <br> ☐ 899 Administrative Procedure <br>    Act/Review or Appeal of <br>    Agency Decision <br> ☐ 950 Constitutionality of <br>    State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation <br> ☒ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ <br>    Accommodations <br> ☐ 445 Amer. w/Disabilities - <br>    Employment <br> ☐ 446 Amer. w/Disabilities - <br>    Other <br> ☐ 448 Education | **Habeas Corpus:** <br> ☐ 463 Alien Detainee <br> ☐ 510 Motions to Vacate <br>    Sentence <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> **Other:** <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition <br> ☐ 560 Civil Detainee - <br>    Conditions of <br>    Confinement | ☐ 870 Taxes (U.S. Plaintiff <br>    or Defendant) <br> ☐ 871 IRS—Third Party <br>    26 USC 7609 <br><br> **IMMIGRATION** <br> ☐ 462 Naturalization Application <br> ☐ 465 Other Immigration <br>    Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original <br>    Proceeding

☐ 2 Removed from <br>    State Court

☐ 3 Remanded from <br>    Appellate Court

☐ 4 Reinstated or <br>    Reopened

☐ 5 Transferred from <br>    Another District <br>    *(specify)*

☐ 6 Multidistrict <br>    Litigation - <br>    Transfer

☐ 8 Multidistrict <br>    Litigation - <br>    Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: <br> Consolidated Farm & Development Act, 7 USC 1921, et seq. & 28 USC 1345

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION <br> UNDER RULE 23, F.R.Cv.P.

**DEMAND $** <br> 124,323.24

CHECK YES only if demanded in complaint: <br> **JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE <br> November 24, 2020

SIGNATURE OF ATTORNEY OF RECORD <br> s/ Juan Carlos Fortuño Fas

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG JUDGE _____